JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) PLC)

**(b)** County of Residence of First Listed Plaintiff   N/A- Munich, Germany
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Diane B. Sher, Esq. (PA ID No. 28800)-Fineman Krekstein & Harris, P.C.
1801 Market Street, Suite 1100
Philadelphia, PA 19103

## DEFENDANTS

Vincent Smithwick, Bala Inn; Bala Inn Inc.; Bala Inn Sports Bar and Grill; Bala Tavern Company, Inc., Cynthia Borish; Scott Borish; City Avenue Pawnshop Outlet; Robert Mazer; et al.

County of Residence of First Listed Defendant   Montgomery County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Leonard K. Hill (PA ID No. 81849)- Hill & Associates, P.C.
123 South Broad Street, Suite 1100
Philadelphia, PA 19109

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☐ 2  U.S. Government
       Defendant

☐ 3  Federal Question
       *(U.S. Government Not a Party)*

☒ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation -
     Transfer

☐ 8 Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 2201; 28 U.S.C. Section 1332

Brief description of cause:
Insurer seeks Declaratory Judgment that no coverage is owed under the terms of a CGL Policy.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $
0.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
11/06/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Diane B. Sher (PA Att. ID No. 28800)

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Koniginstrabe 107, 80802 Munich, Germany _____

Address of Defendant: _____ Def. Robert Mazer: 8229 Stenton Avenue, Philadelphia, PA 19150 _____

Place of Accident, Incident or Transaction: _____ 5006 City Avenue, Philadelphia, PA 19131 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     _____     _____
                          *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

| A. | *Federal Question Cases:* | B. | *Diversity Jurisdiction Cases:* |
|---|---|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☑ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☐ 6. | Other Personal Injury *(Please specify):* _____ |
| ☐ 7. | Civil Rights | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | *(Please specify):* _____ |
| ☐ 11. | All other Federal Question Cases | | |
| | *(Please specify):* _____ | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Diane B. Sher, Esq. _____, counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 11/06/2018     *Diane B Sher /mls*     28800
                     *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Great Lakes Insurance SE | : | CIVIL ACTION |
| v. | : | |
| Vincent Smithwick, Bala Inn, et al | : | **18** NO. **4797** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
    exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

| | | |
|---|---|---|
| 11/6/18 | _Dame RDer/mg_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-893-8751 | 215-893-8719 | dsher@finemanlawfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 06 2018

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREAT LAKES INSURANCE SE (formerly known as GREAT LAKES REINSURANCE (UK) PLC) | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | NO. |
| | : | |
| v. | : | |
| | : | |
| VINCENT SMITHWICK, BALA INN; BALA INN, INC.; BALA INN SPORTS BAR AND GRILL; BALA TAVERN COMPANY, INC., CYNTHIA BORISH; SCOTT BORISH; CITY AVENUE PAWNSHOP OUTLET; ROBERT MAZER; LITTLE KITCHEN CITY RESTAURANT; DAISY LARCENA WALKER; JIFFY LUBE; JIFFY LUBE #183; JIFFY LUBE INTERNATIONAL, INC.; JIFFY LUBE INTERNATIONAL OF PA, INC.; AND CITY AVENUE INVESTORS, LP | : : : : : : : : : : | |
| DefendantS | : | |

## DECLARATORY JUDGMENT COMPLAINT

**AND NOW**, Plaintiff Great Lakes Insurance SE's (formerly known as Great Lakes Reinsurance (UK) PLC) (hereinafter referred to as "Great Lakes" or "Plaintiff"), by and through its undersigned counsel, makes this Declaratory Judgment Complaint by alleging as follows:

### I.    INTRODUCTION

1.    This is a civil action for declaratory relief brought pursuant to 28 U.S.C. §2201 on behalf of Great Lakes against Defendants for the purpose of determining an actual controversy between the parties, specifically whether Great Lakes has a duty to defend and/or indemnify Robert Mazer ("Mazer" and/or "the Insured") as a defendant in an ongoing personal injury lawsuit filed by Vincent Smithwick in the Court of Common Pleas of Philadelphia County, Pennsylvania and captioned Vincent Smithwick v Bala Inn, et al., April Term, 2018, No. 00862, Case No. 1804-00862 ("Underlying Lawsuit"), and also to determine whether Great Lakes has a

duty to satisfy any cross-claim asserted by the co-defendants in that same action against Mazer seeking contribution and/or indemnification for claims Smithwick made against other defendants in the Underlying Action.

## II.    JURISDICTION

2.    Great Lakes and the defendants herein are citizens of different states and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs, giving this Court subject matter jurisdiction pursuant to 28 U.S.C. §1332.

3.    A substantial part of the events giving rise to this matter occurred in this judicial district because the Policy was issued in this judicial district and the Underlying Lawsuit is in a state court within this judicial district, making this Court an appropriate venue pursuant to 28 U.S.C. §1391.

## III.    PARTIES

4.    Plaintiff Great Lakes Insurance SE is a Societas Europea entity incorporated in Germany and registered with the commercial register of the local court of Munich under number HRB 230378, with a registered office at Königinstraße 107, 80802 Munich, Germany.

5.    Defendant Vincent Smithwick ("Smithwick" or "Underlying Plaintiff") is, upon information and belief, an individual residing in Glenside, PA.

6.    Defendants Bala Inn, Bala Inn, Inc., Bala Inn Sports Bar and Grill and Bala Taven Company, Inc.("Bala Inn Defendants") are, upon information and belief, businesses organized under the laws of the state of Pennsylvania with their principal place of business in Pennsylvania. The Bala Inn Defendants are defendants in the Underlying Lawsuit.

7.      Defendants Cynthia Borish and Scott Borish ("Borish Defendants") are, upon information and belief, individuals residing in Pennsylvania. The Borish Defendants are defendants in the Underlying Lawsuit.

8.      Defendant City Avenue Pawnshop Outlet ("Pawnshop Outlet") is, upon information and belief, a business organized under the laws of the state of Pennsylvania with its principal place of business in Pennsylvania. The Pawnshop Outlet is a defendant in the Underlying Lawsuit.

9.      Defendant Robert Mazer ("Mazer" and/or "the Insured") is, upon information and belief, and individual residing at 8229 Stenton Avenue, Philadelphia, PA 19150. Mazer is a defendant in the Underlying Lawsuit.

10.     Defendant Little Kitchen City Restaurant ("Little Kitchen") is, upon information and belief, a business organized under the laws of the state of Pennsylvania with its principal place of business in Pennsylvania. Little Kitchen is a defendant in the Underlying Lawsuit.

11.     Defendant Daisy Larcena Walker ("Walker") is, upon information and belief, and individual residing in Pennsylvania. Walker is a defendant in the Underlying Lawsuit.

12.     Defendants Jiffy Lube, Jiffy Lube #183, Jiffy Lube International, Inc., Jiffy Lube International of PA. Inc. ("Jiffy Lube Defendants") are upon information and belief, businesses organized under the laws of the state of Pennsylvania with their principal places of business in Pennsylvania. The Jiffy Lube Defendants are defendants in the Underlying Lawsuit.

13.     Defendant City Avenue Investors, LP is, upon information and belief, a business organized under the laws of the state of Pennsylvania with its principal place of business in Pennsylvania. City Avenue Investors, LP is a defendant in the Underlying Lawsuit.

## IV.  FACTUAL BACKGROUND

14.     Great Lakes issued to Mazer a Commercial General Liability Policy, number GK04636 which is effective for the period 01/15/2016 – 01/15/2017 (the "Policy").   The Policy is attached hereto as Exhibit "A".

15.     On April 6, 2018, Underlying Plaintiff Vincent Smithwick commenced an action in the Philadelphia County Court of Common Pleas against defendants, including the Insured Mazer, seeking damages for personal injuries he sustained as the result of being shot with a gun on April 7, 2016.  Smithwick's Complaint ("the Underlying Complaint") is attached hereto as Exhibit "B".

16.     Smithwick alleged the following facts in the Underlying Complaint, the allegations of which are set forth below without admitting the truth of those allegations:

(a)     On April 7, 2016, the premises known as the rear parking lot at 5004 City Avenue, Philadelphia, was owned, operated, managed and controlled by Defendants, including Mazer (Exhibit "B" at ¶ 17);

(c)     The Underlying Complaint alleges that Smithwick, who was attempting to patronize the Bala Inn, visited and entered the property and parking lot owned, managed and/or controlled by the Defendants upon the invitation of these Defendants." (Exhibit "B" at ¶ 21).

(d)     There had been incidents of "murder, assaults, drunkenness, drug dealing, vandalism, prostitution, gambling and other nefarious activities at/or near the subject location." (Exhibit "B", ¶ 24).

(e)     On April 7, 2016, at approximately 10:50 p.m., while on the Defendants' rear parking lot, Smithwick was shot by an unknown person. (Exhibit "B" at ¶ 25);

(f)     Despite seeking damages arising out of the gunshot wound, the Underlying Complaint alleges: "Plaintiff asserts no claim for assault and/or battery." (Exhbit "B" at ¶ 26).

(g)     In Count I of the Underlying Complaint,  labeled "Negligent Security," Smithwick alleges that all defendants were negligent in failing to protect him from reasonably foreseeable injuries, including creating a dangerous condition upon its land; failing to have reasonable security measures in place; failure to hire adequate personnel and/or failure to train personnel to provide a reasonable security presence; negligently leasing the property to other defendants; violating defendants' own security policies and procedures. (Exhibit "B" at ¶ 36).

(h)     Paragraph 37 of the Underlying Complaint alleges, "For the reasons and facts outlined herein and throughout this complaint, alternatively, upon information and belief, Defendants assumed the duty to provide reasonable security measures to protect Plaintiff by their actions and/or by contractual terms implied and/or expressed and breached such duties." (Exhibit "B" at ¶ 37).

(i)     Count II of the Underlying Complaint, labeled "Negligence," alleges that the shooting incident was caused "wholly or in part" by the negligence of the defendant in failing to properly maintain their premises, such as failing to remedy defective conditions on the walking surface, failing to warn of dangerous conditions, failing to provide adequate lighting; failure to properly design the area

to prevent individuals from loitering in the parking lot. (Exhibit "B" at ¶ 49).

(j)      Count III of the Underlying Complaint, labeled "Negligent Infliction of Emotional Distress," alleges that Plaintiff was "physically impacted by gunshots and sustained accompanying emotional distress," and that defendants negligently and/or recklessly committed the multiple acts described in the previous counts. (Exhibit "B" at ¶ 52 - 53).

(k)      Each Count of the Underlying Complaint seeks punitive among other damages.

17.     On August 28, 2018, Great Lakes sent its Insured Mazer a letter declining to defend and/or indemnify him in the Underlying Lawsuit pursuant to the clear and unambiguous terms of the Policy which excludes coverage for damages for personal injuries arising out of an "assault", "battery", or "physical altercation." The Declination of Coverage Letter is attached hereto as Exhibit "C".

## V.    RELEVANT LANGUAGE OF THE COMMERCIAL GENERAL LIABILITY POLICY ISSUED BY GREAT LAKES TO THE INSURED

18.     The Policy contains the following Insuring Agreement:

1.     Insuring Agreement

a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend against any "suit" seeking those damages. However, we well have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

...

b.      This insurance applies to "bodily injury" and "property damage" only if"

(1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory."

19.     The Policy contains the following exclusion which precludes coverage for the causes of action alleged in the Underlying Complaint:

### ASSAULT OR BATTERY EXCLUSION

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**LIQUOR LIABILITY COVERAGE PART**

**A.** The following exclusion is added to Paragraph **2. Exclusions** of **SECTION I – COVERAGE**

**BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** to Paragraph **2. Exclusions** of

**SECTION I – COVERAGE B – PERSONAL AND ADVERTISING INJURY,** and Paragraph **2. Exclusions** of **SECTION 1 – LIQUOR LIABILITY COVERAGE:**

**2. Exclusions**

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of an "assault", "battery", or "physical altercation":

a.      Whether or not caused by, at the instigation of, or with the direct or indirect involvement of an insured, an insured's employees, patrons, or other persons in, on, near, or away from an insured's premises; or

b.      Whether or not caused by or arising out of an insured's failure to properly supervise or keep an insured's premises in a safe condition; or

c.      Whether or not caused by or arising out of any insured's act or omission in connection with the prevention, suppression, or failure to warn of the "assault", "battery", or "physical altercation", or providing or not providing or summoning or not summoning medical or other assistance in connection with the "assault". "battery", or "physical altercation", including but not limited to, negligent hiring, training, or supervision; or

d.      Whether or not caused by or arising out of negligent, reckless, or wanton conduct by an insured, an insured's employees, patrons, or other persons.

…

20.     The Policy contains the following:

**SECTION V – DEFINITIONS:**

"Assault" means any attempt of threat to inflict injury on another including any conduct that would reasonably place another in apprehension of such injury.

"Battery" means the intentional or reckless physical contact with or any use of force against a person without his or her consent that entails some injury or offensive touching whether or not the actual injury inflicted is intended or expected.

"Physical altercation" means a dispute between individual in which one or more persons sustain bodily injury arising out of the dispute.

…

21.     The Policy contains the following exclusion for punitive damages:

**PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION**

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This policy does not apply to a claim of or indemnification for punitive or exemplary damages. Punitive or exemplary damages also include any damages awarded pursuant to statute in the form of double, treble or other multiple damages in excess of compensatory damages.

## COUNT I

### THE ASSAULT AND BATTERY EXCLUSION APPLIES

22.     Great Lakes herein incorporates by reference the allegations in paragraphs 1-21 above.

23.     An actual controversy exists between Great Lakes and the Insured requiring declaration by the Court as to the rights, duties and obligations of the parties pursuant to the Policy.

24.     The Policy excludes insurance coverage for bodily injury "arising out of an "assault", "battery", or "physical altercation."

25.     The Supreme Court of Pennsylvania has ruled that there must be an examination of the allegations in the complaint along with the language in the insurance policy to determine if coverage is triggered.  See Mut. Benefit Ins. Co. v. Haver, 725 A.2d 743, 745 (Pa. 1999) (holding that a "carrier's duties to defend and indemnify an insured in a suit brought by a third party depend upon a determination of whether the third party's complaint triggers coverage"); Humphreys v. Niagara Fire Ins. Co., 590 A.2d 1267, 1271 (Pa. Super. 1991), appeal denied, 598 A.2d 994 (Pa. 1991).

26.     As the Pennsylvania Supreme Court aptly observed, "to allow the manner in which the complainant frames the request for redress to control in a case such as this one would encourage litigation through the use of artful pleadings designed to avoid exclusions in liability insurance policies".  See Mut. Benefit Ins. Co. v. Haver, 725 A.2d 743, 745 (Pa. 1999) (citations omitted).

27.     The **facts** contained in the complaint, as opposed to the allegations of liability, are what determine the existence of coverage.

28.     The Underlying Complaint clearly and unequivocally states that Smithwick sustained personal injuries in the form of a gunshot wounds as the result of being shot with a gun by an unknown person.

29.     The Underlying Complaint does not provide any other reason for Smithwick's alleged injuries.

30.     All of Smithwick's injuries "arise out of" the actions of an unknown person in shooting Smithwick with a gun, which meets the definition of "assault and battery" contained in the Policy.

31.     When the "arising out of" language is used in an exemption – such as in the Assault and Battery Exclusion in the Policy – Pennsylvania courts have found that it excludes coverage for every claim made against the insured so long as it was the "but for" cause of the injury.  Forum Insurance Co. v. Allied Security, Inc., 866 F.2d 80, 82 (3d Cir. 1989) (citing Manufacturers Casualty Ins. Co. v. Goodville Mut. Casualty Co., 403 Pa. 603, 607-08 (1961)); see also of *Nautilus Insurance Company v Shawn Owens, Inc.*, 2018 U.S. Dist. LEXIS 118759 (E.D. Pa. 2018).

32.     Since the *facts* of the Complaint state that Smithwick's damages arose out of the shooting with a gun, Great Lakes does not have a duty to defend and/or indemnify the Insured in the Underlying Lawsuit.

33.     The Policy clearly excludes coverage for punitive damages, and punitive damages are not covered as a matter of law and public policy.

34.     Great Lakes, therefore, respectfully requests that the Court enter an Order declaring the following:

(a) For all of the reasons set forth in this Declaratory Judgment Complaint, Great Lakes has no duty to defend and/or indemnify Mazer in the Underlying Lawsuit;

(b) Great Lakes has no duty to satisfy any cross-claim asserted by any co-defendants in the Underlying Lawsuit against Mazer, including any claims by the Bala Inn Defendants, the Borish Defendants, the Pawnshop

Outlet, Little Kitchen, Walker, the Jiffy Lube Defendants and/or City

Avenue Investors, LP, seeking contribution and/or indemnification arising

out of any claims Smithwick asserted against other defendants in   the

Underlying Action;

(c) Great Lakes is not responsible for the payment or repayment of any fees

and costs in the defense of Mazer in the Underlying Lawsuit;

(d) Great Lakes has no duty to defend and/or indemnify any claim for punitive

damages; and

(e) Such other relief as the Court may find just and equitable under

circumstances.

**WHEREFORE**, Great Lakes respectfully requests that judgment be entered in its favor

and against all other parties as outlined above.

**FINEMAN KREKSTEIN & HARRIS, P.C.**

/S/ Diane B. Sher

BY:_____

**DIANE BERNOFF SHER, ESQUIRE (ID No. 28800)**
1801 Market Street, Suite 1100
Philadelphia, PA 19103
215-893-9300
Attorneys for Plaintiff GREAT LAKES INSURANCE SE
(formerly known as GREAT LAKES REINSURANCE
(UK) PLC)

Date: <u>November 6, 2018</u>

# EXHIBIT "A"

# POLICY BANNER PAGE

**POLICY NUMBER:** GK04636

**INSURED:**

### POLICY FORMS ARE COMPLETE

ORIGINAL

# COMMERCIAL LINES POLICY
# COMMON POLICY DECLARATIONS

## Great Lakes Reinsurance (UK) PLC

POLICY NUMBER : GK04636          RENEWAL OF : GK03494

Insured Name and Mailing Address:
ROBERT MAZER                                    TR# 1210-GK04636-16
SEE GLK 4001 IL 08 09

8229 STENTON AVENUE

PHILADELPHIA                    PA    19150

This Certificate of Insurance is issued in accordance with the authorization granted under Contract No. 3908    Contract Yr 16
undersigned by GREAT LAKES REINSURANCE (UK) PLC, (hereinafter called "The Company")    Hereon %: 100 %

Policy Period: From 01/15/2016 To 01/15/2017 at 12:01A. M. Standard Time at your mailing address shown above.

Form of Business: ☐ Individual   ☐ Partnership   ☐ Joint Venture   ☐ Trust   ☐ Limited Liability Company
☒ Organization, including a Corporation (but not including a Partnership, Joint Venture or Limited Liability Company)

Business Description DWELLINGS

**IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AND LIMITS AS STATED IN THIS POLICY.**

| THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED. THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT. | PREMIUM |
|---|---|
| Commercial General Liability Coverage Part | $ 17,468 |
| Commercial Property Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ |
| Commercial Crime Coverage Part | $ |
| Commercial Professional Liability Coverage Part | $ |
| Terrorism Risk Insurance Act | $ |

| Fees/ Charges/ Taxes | | TOTAL ADVANCE PREMIUM | $ 17,468 |
|---|---|---|---|
| $ 100.00 FEE | $ 524.04 TAX | $ 25.00 PA STAMPING FEE | |
| $ | $ | $ | |
| $ | $ | TOTAL CHARGES $ 18,117.04 | |

Forms and endorsement(s) made a part of this policy at time of issue: SEE SCHEDULE OF FORMS AND ENDORSEMENTS

COVERHOLDER: Correspondent Contact        Surplus Lines Procuring
Pennock Insurance, Inc.                   Pennock Insurance, Inc.
2 Christy Dr.                             2 Christy Dr.
Suite 301                                 Suite 301
Chadds Ford        PA 19317              Chadds Ford        PA 19317

Countersigned : CHADDS FORD, PA          Date : 01/15/2016

Countersigned by Authorized Representative

**PENNSYLVANIA.   The insurer which has issued this insurance is not licensed by the Pennsylvania Insurance Department and is subject to limited regulation. This insurance is NOT covered by the Pennsylvania Property and Casualty Insurance Guaranty Association.  Placed by Pennock Insurance Inc., Ste 301, 2 Christy Dr., Chadds Ford, PA 19317.**

SLA #                    Total Number of Locations 94          Date Issued 01/15/16    MW
GLK 1000 IL 06 09                  ORIGINAL                          Page 1 of 1

PA

## INFORMATION PAGE

ROBERT MAZER
SEE GLK 4001 IL 08 09

GK04636
01/ 15/ 2016     01/ 15/ 2017

| | |
|---|---|
| UNDERWRITER | CH |
| | |
| TRANSACTION CODE | REN |
| POLICY COUNT | 3 |
| PRODUCER | 3653 |
| GENERAL AGENT | 01 |
| PAYMENT MODE | A |
| ISO STATE | 37 |
| | |
| PROVIDER | GLUK |
| PRODCODE | CL |
| LOBCODE | GL |
| COVCODE | CL23E |
| | |
| SITUATE ADDRESS1 | VARIOUS |
| | |
| SITUATE ADDRESS2 | PHILA |
| | |
| SITUATE STATE | PA |
| SITUATE ZIP | |
| DEDUCTIBLE | 500 |
| | |
| LIMITS | 2,000,000 |

HJC

# FOR NEW JERSEY ONLY

TAX INFORMATION

FIRE DISTRICT CODE
TAX EXEMPT
TAX NUMBER

HJC

# SCHEDULE OF FORMS AND ENDORSEMENTS

| POLICY NUMBER:<br>GK04636 | NAMED INSURED<br>ROBERT MAZER<br>SEE GLK 4001 IL 08 09 |
|---|---|

Form/ Endorsement No./ Edition Date

**GLK 1000 IL 10 12**      COMMON POLICY DECLARATIONS

**FORMS APPLICABLE - COMMON FORMS**

| | |
|---|---|
| GLK 4001 IL 08 09 | INSURED NAME ENDORSEMENT |
| GLK 3006 IL 10 09 | COMBINATION ENDORSEMENT |
| GLK 4014 IL 06 09 | MIN. EARNED PREM. END. |
| GLUK i 08 07 | GLUK PRIVACY POLICY STMT. |
| REF 1998 MS 05 12 | SERVICE OF SUIT (Mendes & Mount-Smith) |
| REF 2920 a | TERRORISM EXCLUSION |
| IL 00 17 11 98 | COMMON POLICY CONDITIONS |
| IL 02 46 09 07 | PA CHANGES - CANCELLATION & NONRENEWAL |
| IL 09 10 07 02 | PA NOTICE |

**FORMS APPLICABLE - COMMERCIAL GENERAL LIABILITY**

| | |
|---|---|
| GLK 1001 GL 06 09 | COMM'L GEN LIAB COV PART DECLARATIONS |
| GLK 1002 GL 06 09 | COMM'L GEN LIAB COV PART - SUPP. DEC. |
| CG 00 01 12 07 | COMML. GEN. LIAB. COVERAGE FORM |
| IL 00 21 09 08 | NUCLEAR ENERGY LIAB. EXCL. END. |
| CG 00 68 05 09 | RECORDING DISTRIB. MATERIAL IN VIOLAT. OF LAW EXCL. |
| CG 03 00 01 96 | DEDUCTIBLE LIAB. INS. |
| CG 20 18 11 85 | A.I. - MORTGAGEE, ASSIGNEE OR RECEIVER |
| CG 21 32 05 09 | COMMUNICABLE DISEASE EXCL. |
| CG 21 44 07 98 | LIMIT. COV. TO DESIGNATED PREMISES OR PJCT. |
| CG 21 47 12 07 | EMPLOYMENT-RELATED PRACTICES EXCL. |
| CG 21 49 09 99 | TOTAL POLLUTION EXCL. END. |
| CG 21 67 12 04 | FUNGI OR BACTERIA EXCL. |
| CG 21 73 01 15 | EXCL. CERTIFIED ACTS OF TERRORISM |
| CG 21 96 03 05 | SILICA OR SILICA-RELATED DUST EXCL. |
| CG 24 26 07 04 | AMENDMENT OF INSD. CONTRACT DEFIN. |
| GLK 4002 GL 08 09 | ASBESTOS EXCLUSION |
| GLK 4004 GL 08 09 | ASSAULT OR BATTERY EXCL. |
| GLK 4007 GL 08 09 | EARTH MOVEMENT EXCL. |
| GLK 4010 GL 04 12 | LEAD CONTAMINATION - EXCL. |
| GLK 4017 GL 08 09 | PUNITIVE OR EXEMPLARY DMG. EXCL. |
| GLK 4031 GL 06 09 | ANIMAL EXCLUSION |
| GLK 4032 GL 06 09 | LIQUOR LIABILTY EXCL. |

POLICY NO.: GK04636

# INSURED'S NAME ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

The Insured's Name is amended to read as follows:

Robert Mazer and Mazer Real Estate Company, Melvin Stein, Deena Stein, Blakemore Gardens Limited Partnership, Seymour Kivitz DBA SMJ Investment Company, Edythe Mazer, Irving Feldbaum, Oak Lane Properties, ATIMA.

GLK   4001 IL 08 09

Page 1 of 1

ORIGINAL

**COMBINATION ENDORSEMENT**

<u>RADIOACTIVE CONTAMINATION EXCLUSION CLAUSE - PHYSICAL DAMAGE – DIRECT (U.S.A.)</u>

This Policy does not cover any loss or damage arising directly or indirectly from nuclear reaction, nuclear radiation or radioactive contamination; however, such nuclear reaction, nuclear radiation or radioactive contamination may have been cause. *NEVERTHELESS if Fire is an insured peril and a Fire arises directly or indirectly from nuclear reaction, nuclear radiation or radioactive contamination, any loss or damage arising directly from that Fire shall (subject to the provisions of this Policy) be covered EXCLUDING however, all loss or damage caused by nuclear reaction, nuclear radiation or radioactive contamination arising directly or indirectly from that Fire.

* NOTE – If Fire is not an insured peril under this Policy the words "NEVERTHELESS" to the end of the clause do not apply and should be disregarded.

7/5/59
REF 1191

<u>ELECTRONIC DATA ENDORSEMENT B</u>

1.      **Electronic Data Exclusion**

Notwithstanding any provision to the contrary within the Policy or any endorsement thereto, it is understood and agreed as follows:

(a)   This Policy does not insure loss, damage, destruction, distortion, erasure, corruption or alteration of ELECTRONIC DATA from any cause whatsoever (including but not limited to COMPUTER VIRUS) or loss of use, reduction in functionality, cost, expense of whatsoever nature resulting therefrom, regardless of any other cause or event contributing concurrently or in any other sequence to the loss.

ELECTRONIC DATA means facts, concepts and information converted to a form useable for communications, interpretation or processing by electronic and electromechanical data processing or electronically controlled equipment and includes programmes, software and other coded instructions for the processing and manipulation of data or the direction and manipulation of such equipment.

COMPUTER VIRUS means a set of corrupting, harmful or otherwise unauthorised instructions or code including a set of maliciously introduced unauthorised instructions or code, programmatic or otherwise, that propagate themselves through a computer system or network of whatsoever nature. COMPUTER VIRUS includes but is not limited to 'Trojan Horses', 'worms' and 'time or logic bombs'.

(b)   However, in the event that a peril listed below results from any of the matters described in paragraph (a) above, this Policy, subject to all its terms, conditions and exclusions, will cover physical damage occurring during the Policy period to property insured by this Policy directly caused by such listed peril.

Listed Perils:
Fire
Explosion

**2.      Electronic Data Processing Media Valuation**

Notwithstanding any provision to the contrary within the Policy or any endorsement thereto, it is understood and agreed as follows:

Should electronic data processing media insured by this Policy suffer physical loss or damage insured by this Policy, then the basis of valuation shall be the cost of the blank media plus the costs of copying the ELECTRONIC DATA from back-up or from originals of a previous generation.  These costs will not include research and engineering nor any costs of recreating, gathering or assembling such ELECTRONIC DATA.  If the media is not repaired, replaced or restored the basis of valuation shall be the cost of the blank media. However this Policy does not insure any amount pertaining to the value of such ELECTRONIC DATA to the Assured or any other party, even if such ELECTRONIC DATA cannot be recreated, gathered or assembled.

25/01/01
REF 2915


## WAR AND CIVIL WAR EXCLUSION CLAUSE


Notwithstanding anything to the contrary contained herein, this Policy does not cover Loss or Damage directly or indirectly occasioned by, happening through or in consequence of war, invasion, acts of foreign enemies, hostilities (whether war be declared or not), civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalization or requisition or destruction of or damage to property by or under the order of any government or public or local authority.


1/1/38
REF464


## BIOLOGICAL OR CHEMICAL MATERIAL EXCLUSION


It is agreed that this Insurance excludes loss, damage, cost or expense of whatsoever nature directly or indirectly caused by, resulting from or in connection with the actual or threatened malicious use of pathogenic or poisonous biological or chemical material regardless of any other cause or event contributing concurrently or in any other sequence thereto.

REF2962
06/02/03

## SEEPAGE AND/OR POLLUTION AND/OR CONTAMINATION EXCLUSION
## U.S.A. & CANADA

Notwithstanding any provision to the contrary within the Policy of which this Endorsement forms part (or within any other Endorsement which forms part of this Policy), this Policy does not insure:

**(a)**   any loss, damage, cost or expense, or

**(b)**   any increase in insured loss, damage, cost or expense, or

**(c)**   any loss, damage, cost, expense, fine or penalty, which is incurred, sustained or imposed by order, direction, instruction or request of, or by any agreement with, any court, government agency or any public, civil or military authority; or threat thereof, (and whether or not as a result of public or private litigation),

which arises from any kind of seepage or any kind of pollution and/or contamination, or threat thereof, whether or not caused by or resulting from a Peril insured, or from steps or measures taken in connection with the avoidance, prevention, abatement, mitigation, remediation, clean-up or removal of such seepage or pollution and/or contamination or threat thereof.

The term 'any kind of seepage or any kind of pollution and/or contamination' as used in this Endorsement includes (but is not limited to):

**(a)**   seepage of, or pollution and/or contamination by, anything, including but not limited to, any material designated as a 'hazardous substance' by the United States Environmental Protection Agency or as a 'hazardous material' by the United States Department of Transportation, or defined as a 'toxic substance' by the Canadian Environmental Protection Act for the purposes of Part II of that Act, or any substance designated or defined as toxic, dangerous, hazardous or deleterious to persons or the environment under any other Federal, State, Provincial, Municipal or other law, ordinance or regulation; and

**(b)**   the presence, existence, or release of anything which endangers or threatens to endanger the health, safety or welfare of persons or the environment.

REF 2340

## RADIOACTIVE CONTAMINATION EXCLUSION CLAUSE
## LIABILITY DIRECT (U.S.A.)

For attachment (in addition to the appropriate Nuclear Incident Exclusion Clause – Liability-Direct) to liability insurances affording worldwide coverage.

In relation to liability arising outside the U.S.A., its Territories or Possessions, Puerto Rico or the Canal Zone, this Policy does not cover any liability of whatsoever nature directly or indirectly caused by or contributed to by or arising from ionizing radiations or contamination by radioactivity from any nuclear fuel or from any nuclear waste from the combustion of nuclear fuel.

13/2/64
REF1477

**NUCLEAR INCIDENT EXCLUSION CLAUSE –
LIABILITY- DIRECT (BROAD) (U.S.A.)**

This Policy * does not apply:

I.    Under any Liability Coverage, to injury, sickness, disease, death or destruction:

    **(a)**    with respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

    **(b)**    resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indem from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

II.    Under any Medical Payments Coverage, or under Supplementary Payments Provision relating to immediate medical or surgical relief to expenses incurred with respect to bodily injury, sickness, disease or death resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

III.    Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if:

    **(a)**    the nuclear material (1) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (2) has been discharged or dispersed therefrom;

    **(b)**    the nuclear material is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an insured; or

    **(c)**    the injury, sickness, disease, death or destruction arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

IV.    As used in this endorsement:

"hazardous properties" includes radioactive, toxic or explosive properties; "nuclear material" means "source material", "special nuclear material" or "by-product material"; source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof; "spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor"; "waste" means any waste material (1) containing "by-product material" and  (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph **(a)** or **(b)** thereof.

"Nuclear facility" means:

**(a)**   any "nuclear reactor";

**(b)**   any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing "spent fuel", or (3) handling, processing or packaging "waste";

**(c)**   any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

**(d)**   any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations; "nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material. With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property

It is understood and agreed that, except as specifically provided in the foregoing to the contrary, this clause is subject to the terms, exclusion, conditions and limitations of the Policy to which it is attached.

* NOTE: As respects policies which afford liability coverages and other forms of coverage in addition, the words underlined should be amended to designate the liability coverage to which this clause is to apply.

17/3/60
REF1256

POLICY NO.: GK04636

# MINIMUM EARNED PREMIUM ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

If you request cancellation of this policy, we will retain __25__% of the premium or $_____, whichever is greater.  Cancellation for nonpayment of premium is considered a request by the first Named Insured for cancellation of this policy.

GLK   4014 IL 06 09

ORIGINAL

**GREAT LAKES REINSURANCE (UK) PLC PRIVACY POLICY STATEMENT**

Great Lakes Reinsurance (UK) PLC want you to know how we protect the confidentiality of your non-public personal information. We want you to know how and why we use and disclose the information that we have about you. The following describes our policies and practices for securing the privacy of our current and former customers.

**INFORMATION WE COLLECT**

The non-public personal information that we collect about you includes, but is not limited to:

- Information contained in applications or other forms that you submit to us, such as name, address, and social security number

- Information about your transactions with our affiliates or other third-parties, such as balances and payment history

- Information we receive from a consumer-reporting agency, such as credit-worthiness or credit history

**INFORMATION WE DISCLOSE**

We disclose the information that we have when it is necessary to provide our products and services. We may also disclose information when the law requires or permits us to do so.

**CONFIDENTIALITY AND SECURITY**

Only our employees and others who need the information to service your account have access to your personal information. We have measures in place to secure our paper files and computer systems.

**RIGHT TO ACCESS OR CORRECT YOUR PERSONAL INFORMATION**

**You have a right to request access to or correction of your personal information that is in our possession.**

**CONTACTING US**

If you have any questions about this privacy notice or would like to learn more about how we protect your privacy, please write to us at the following address:

GREAT LAKES REINSURANCE (UK) PLC,
Plantation Place,
30 Fenchurch Street,
London EC3M 3AJ

GLUK(i)(8.07)                                                      Page 1 of 1

ORIGINAL

### SERVICE OF SUIT CLAUSE (U.S.A.)

It is agreed that in the event of the failure of the Underwriters hereon to pay any amount claimed to be due hereunder, the Underwriters hereon, at the request of the Insured (or Reinsured), will submit to the jurisdiction of a Court of competent jurisdiction within the United States.  Nothing in this Clause constitutes or should be understood to constitute a waiver of Underwriters' rights to commence an action in any Court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another Court as permitted by the laws of the United States or of any State in the United States.

It is further agreed that service of process in such suit may be made upon:

Mr. Edward Smith
Mendes and Mount
750 Seventh Avenue
New York, NY  10019-6829
USA

and that in any suit instituted against any one of them upon this contract, Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

The above-named are authorized and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the request of the Insured (or Reinsured) to give a written undertaking to the Insured (or Reinsured) that they will enter a general appearance upon Underwriters' behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, Underwriters hereon hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Insured (or Reinsured) or any beneficiary hereunder arising out of this contract of insurance (or reinsurance), and hereby designate the above-named as the person to whom the said officer is authorized to mail such process or a true copy thereof.

24/4/86 (Rev. 15/05/2012)
REF1998-M-S

ORIGINAL

TERRORISM EXCLUSION

Notwithstanding any provision to the contrary within this insurance or any endorsement thereto it is agreed that this insurance excludes loss, damage, cost or expense of whatsoever nature directly or indirectly caused by, resulting from or in connection with any act of terrorism regardless of any other cause or event contributing concurrently or in any other sequence to the loss.

For the purpose of this endorsement an act of terrorism means an act, including but not limited to the use of force or violence and/or the threat thereof, of any person or group(s) of persons, whether acting alone or on behalf of or in connection with any organisation(s) or government(s), committed for political, religious, ideological or similar purposes including the intention to influence any government and/or to put the public, or any section of the public, in fear.

This endorsement also excludes loss, damage, cost or expense of whatsoever nature directly or indirectly caused by, resulting from or in connection with any action taken in controlling, preventing, suppressing or in any way relating to any act of terrorism.

But, if the act of terrorism occurs in an "Exception State" and results in fire, we will pay for the loss or damage in such "Exception State" caused by that fire, but only to the extent, if any, required by the applicable Standard Fire Policy statute(s) in such state. However, this exception applies only to direct loss or damage by fire to covered property and not to any insurance provided for time element coverages, including but not limited to business interruption and extra expense. In no event shall this policy be construed to give coverage beyond the minimum requirements of the applicable Standard Fire Policy Statute (and amendments thereto) in existence as of the effective date of the policy and governing such requirements with respect to any acts of terrorism. If the applicable law or regulation in any state permits the Commissioner or Director of Insurance or anyone in a similar position to grant the insurer approval to vary the terms and conditions of the Standard Fire Policy, and such approval has been granted in that state as of the effective date of this policy, this policy shall not provide coverage beyond the minimum requirements of the terms and conditions approved by the Commissioner or Director of Insurance or person in a similar position.

"Exception state" means a state which at the time of policy effective date, requires that the coverage provided under this policy meet or exceed coverage provided under a Standard Fire Policy.

The terms and limitations of any terrorism exclusion, or the inapplicability or omission of a terrorist exclusion, do not serve to create coverage for any loss which would otherwise be excluded under this policy, such as losses excluded by a Nuclear Hazard Exclusion or a war exclusion.

All other terms and conditions remain unchanged.

If the Underwriters allege that by reason of this exclusion, any loss, damage, cost or expense is not covered by this insurance the burden of proving the contrary shall be upon the Assured.

In the event any portion of this endorsement is found to be invalid or unenforceable, the remainder shall remain in full force and effect.

REF2920 a

IL 00 17 11 98

# COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

## A. Cancellation

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

## B. Changes

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

## C. Examination Of Your Books And Records

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

## D. Inspections And Surveys

1. We have the right to:

   a. Make inspections and surveys at any time;

   b. Give you reports on the conditions we find; and

   c. Recommend changes.

2. We are not obligated to make any inspections, surveys, reports or recommendations and any such actions we do undertake relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

   a. Are safe or healthful; or

   b. Comply with laws, regulations, codes or standards.

3. Paragraphs 1. and 2. of this condition apply not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

4. Paragraph 2. of this condition does not apply to any inspections, surveys, reports or recommendations we may make relative to certification, under state or municipal statutes, ordinances or regulations, of boilers, pressure vessels or elevators.

## E. Premiums

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

## F. Transfer Of Your Rights And Duties Under This Policy

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

Copyright, Insurance Services Office, Inc., 1998
ORIGINAL

IL 02 46 09 07

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# PENNSYLVANIA CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

CAPITAL ASSETS PROGRAM (OUTPUT POLICY) COVERAGE PART
COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL INLAND MARINE COVERAGE PART
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
COMMERCIAL PROPERTY COVERAGE PART
CRIME AND FIDELITY COVERAGE PART
EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
EQUIPMENT BREAKDOWN COVERAGE PART
FARM COVERAGE PART
FARM UMBRELLA LIABILITY POLICY
LIQUOR LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**A.** The **Cancellation** Common Policy Condition is replaced by the following:

**CANCELLATION**

**1.** The first Named Insured shown in the Declarations may cancel this policy by writing or giving notice of cancellation.

**2.** **Cancellation Of Policies In Effect For Less Than 60 Days**

We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least 30 days before the effective date of cancellation.

**3.** **Cancellation Of Policies In Effect For 60 Days Or More**

If this policy has been in effect for 60 days or more or if this policy is a renewal of a policy we issued, we may cancel this policy only for one or more of the following reasons:

**a.** You have made a material misrepresentation which affects the insurability of the risk. Notice of cancellation will be mailed or delivered at least 15 days before the effective date of cancellation.

**b.** You have failed to pay a premium when due, whether the premium is payable directly to us or our agents or indirectly under a premium finance plan or extension of credit. Notice of cancellation will be mailed at least 15 days before the effective date of cancellation.

**c.** A condition, factor or loss experience material to insurability has changed substantially or a substantial condition, factor or loss experience material to insurability has become known during the policy period. Notice of cancellation will be mailed or delivered at least 60 days before the effective date of cancellation.

**d.** Loss of reinsurance or a substantial decrease in reinsurance has occurred, which loss or decrease, at the time of cancellation, shall be certified to the Insurance Commissioner as directly affecting in-force policies. Notice of cancellation will be mailed or delivered at least 60 days before the effective date of cancellation.

© ISO Properties, Inc., 2006
ORIGINAL

**e.** Material failure to comply with policy terms, conditions or contractual duties. Notice of cancellation will be mailed or delivered at least 60 days before the effective date of cancellation.

**f.** Other reasons that the Insurance Commissioner may approve. Notice of cancellation will be mailed or delivered at least 60 days before the effective date of cancellation.

This policy may also be cancelled from inception upon discovery that the policy was obtained through fraudulent statements, omissions or concealment of facts material to the acceptance of the risk or to the hazard assumed by us.

**4.** We will mail or deliver our notice to the first Named Insured's last mailing address known to us. Notice of cancellation will state the specific reasons for cancellation.

**5.** Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

**6.** If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata and will be returned within 10 business days after the effective date of cancellation. If the first Named Insured cancels, the refund may be less than pro rata and will be returned within 30 days after the effective date of cancellation. The cancellation will be effective even if we have not made or offered a refund.

**7.** If notice is mailed, it will be by registered or first class mail. Proof of mailing will be sufficient proof of notice.

**B.** The following are added and supersede any provisions to the contrary:

**1. Nonrenewal**

If we decide not to renew this policy, we will mail or deliver written notice of nonrenewal, stating the specific reasons for nonrenewal, to the first Named Insured at least 60 days before the expiration date of the policy.

**2. Increase Of Premium**

If we increase your renewal premium, we will mail or deliver to the first Named Insured written notice of our intent to increase the premium at least 30 days before the effective date of the premium increase.

Any notice of nonrenewal or renewal premium increase will be mailed or delivered to the first Named Insured's last known address. If notice is mailed, it will be by registered or first class mail. Proof of mailing will be sufficient proof of notice.

© ISO Properties, Inc., 2006
ORIGINAL
IL 02 46 09 07

IL 09 10 07 02

# PENNSYLVANIA NOTICE

An Insurance Company, its agents, employees, or service contractors acting on its behalf, may provide services to reduce the likelihood of injury, death or loss. These services may include any of the following or related services incident to the application for, issuance, renewal or continuation of, a policy of insurance:

1. Surveys;

2. Consultation or advice; or

3. Inspections.

The "Insurance Consultation Services Exemption Act" of Pennsylvania provides that the Insurance Company, its agents, employees or service contractors acting on its behalf, is not liable for damages from injury, death or loss occurring as a result of any act or omission by any person in the furnishing of or the failure to furnish these services.

The Act does not apply:

1. If the injury, death or loss occurred during the actual performance of the services and was caused by the negligence of the Insurance Company, its agents, employees or service contractors;

2. To consultation services required to be performed under a written service contract not related to a policy of insurance; or

3. If any acts or omissions of the Insurance Company, its agents, employees or service contractors are judicially determined to constitute a crime, actual malice, or gross negligence.

---

**Instruction to Policy Writers**

Attach the Pennsylvania Notice to all new and renewal certificates insuring risks located in Pennsylvania.

---

© ISO Properties, Inc., 2001
ORIGINAL

POLICY NUMBER: GK04636

# COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS

**LIMITS OF INSURANCE** (Insurance applies only for coverage for which a limit of insurance is shown)

| | | |
|---|---|---|
| General Aggregate Limit (other than Products - Completed Operations) | $ 2,000,000 | |
| Products - Completed Operations Aggregate Limit | $ INCLUDED | |
| Personal and Advertising Injury Limit | $ 1,000,000 | Any One Person or Organization |
| Each Occurrence Limit | $ 1,000,000 | |
| Damage to Premises Rented to You Limit | $ 100,000 | Any One Premises |
| Medical Expense Limit | $ 5,000 | Any One Person |

**LOCATION OF PREMISES COVERED BY THIS POLICY**  (that you own, rent or occupy)

| PREM NO. | STREET ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 001 | 7435 21ST STREET | PHILADELPHIA | PA | 19138 |
| 002 | 2379 77TH AVENUE | PHILADELPHIA | PA | 19150 |
| 003 | 2475 77TH AVENUE | PHILADELPHIA | PA | 19150 |
| 004 | 2476 77TH AVENUE | PHILADELPHIA | PA | 19150 |
| 005 | 2489 77TH AVENUE | PHILADELPHIA | PA | 19150 |
| 006 | 2441 79TH AVENUE | PHILADELPHIA | PA | 19150 |
| 007 | 936 ALLENS LANE | PHILADELPHIA | PA | 19150 |

**CLASSIFICATION AND PREMIUM**

| Prem No. | Class Code | Description of Hazards / Insured Classification(s) | *Premium Basis / Exposure | | RATE Products-Comp Ops | RATE All Other | ADVANCE PREMIUM Products-Comp Ops | ADVANCE PREMIUM All Other |
|---|---|---|---|---|---|---|---|---|
| 001 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ 165 |
| 002 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ 165 |
| 003 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ 165 |
| 004 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ 165 |
| 005 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ 165 |
| 006 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ 165 |
| 007 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ 165 |

**TOTAL GENERAL LIABILITY PREMIUM** $ 1,155

| *Premium Basis Symbol Key: | (a) Area - (per 1,000 square feet of Area) | (c) Cost - (per $1,000 total cost) | (e) Each - (per each exposure) |
|---|---|---|---|
| | (m) Admissions - per $1,000 of admissions) | (p) Payroll - (per $1,000 of of payroll) | (s) Sales - (per $1,000 of gross sales) |
| | (u) Units (per unit) | (o) Other | |

**(This Policy May Be Auditable)**

Forms and endorsement(s) made a part of this policy at time of issue: SEE SCHEDULE OF FORMS AND ENDORSEMENTS

POLICY NUMBER : GK04636

# COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS
## SUPPLEMENTAL DECLARATION - 1

**LOCATION OF PREMISES COVERED BY THIS POLICY** (that you own, rent or occupy)

| PREM NO. | STREET ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 008 | 7826 ARGUS STREET | PHILADELPHIA | PA | 19150 |
| 009 | 1508 BARRINGER STREET | PHILADELPHIA | PA | 19150 |
| 010 | 7530 BEVERLY ROAD | PHILADELPHIA | PA | 19138 |
| 011 | 7543 BEVERLY ROAD | PHILADELPHIA | PA | 19138 |
| 012 | 2000 WEST CHELTENHAM AVENUE | PHILADELPHIA | PA | 19138 |
| 013 | 2606 WEST CHELTENHAM AVENUE | PHILADELPHIA | PA | 19150 |
| 014 | 3038 WEST CHELTENHAM AVENUE | PHILADELPHIA | PA | 19150 |
| 015 | 7101 CHEROKEE STREET | PHILADELPHIA | PA | 19119 |
| 016 | 5006 CITY AVENUE | PHILADELPHIA | PA | 19131 |
| 017 | 816 DORSET AVENUE | PHILADELPHIA | PA | 19119 |

**CLASSIFICATION AND PREMIUM**

| | | | | | Rate | | Advance Premium | |
|---|---|---|---|---|---|---|---|---|
| Prem No. | Class Code | Description of Hazards / Insured Classification(s) | | *Premium Basis / Exposure | Products-Comp Ops | All Other | Products-Comp Ops | All Other |
| 008 | 63011 | Dwellings-two-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 280.000 | $INCLUDED | $ 280 |
| 009 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ 165 |
| 010 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ 165 |
| 011 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ 165 |
| 012 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ 165 |
| 013 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ 165 |
| 014 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ 165 |
| 015 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ 165 |
| 016 | 61212 | Buildings or Premises – bank or office – mercantile or manufacturing (lessor's risk only) – Other than Not-For-Profit. Products/Completed Operations are subject to | a) Area-1,000 sq. ft. | 1,054 | INCLUDED | 140.000 | $INCLUDED | $ 148 |
| 017 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ 165 |

TOTAL GENERAL LIABILITY PREMIUM  $  1,748
ACCUMULATED LIABILITY PREMIUM  $  17,468

*Premium Basis Symbol Key:
(a) Area - (per 1,000 square feet of area)
(m) Admissions - per $1,000 of admissions)
(u) Units (per unit)
(c) Cost - (per $1,000 total cost)
(p) Payroll - (per $1,000 of of payroll)
(o) Other
(e) Each - (per each exposure)
(s) Sales - (per $1,000 of gross sales)

**(This Policy May Be Auditable)**

POLICY NUMBER : GK04636

# COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS
## SUPPLEMENTAL DECLARATION - 2

**LOCATION OF PREMISES COVERED BY THIS POLICY**   (that you own, rent or occupy)

| PREM NO. | STREET ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 018 | 930 EAST DURHAM STREET | PHILADELPHIA | PA | 19150 |
| 019 | 1502 EAST DUVAL STREET | PHILADELPHIA | PA | 19138 |
| 020 | 939 EAST ELLET STREET | PHILADELPHIA | PA | 19150 |
| 021 | 7963 FAYETTE STREET | PHILADELPHIA | PA | 19150 |
| 022 | 8110 FAYETTE STREET | PHILADELPHIA | PA | 19150 |
| 023 | 8564 FAYETTE STREET | PHILADELPHIA | PA | 19150 |
| 024 | 7824 FORREST AVENUE | PHILADELPHIA | PA | 19150 |
| 025 | 8320 FORREST AVENUE | PHILADELPHIA | PA | 19150 |
| 026 | 8327 FORREST AVENUE | PHILADELPHIA | PA | 19150 |
| 027 | 8656 FORREST AVENUE | PHILADELPHIA | PA | 19150 |

**CLASSIFICATION AND PREMIUM**

| | | | | | Rate | | Advance Premium | | |
|---|---|---|---|---|---|---|---|---|---|
| Prem No. | Class Code | Description of Hazards / Insured Classification(s) | *Premium Basis / Exposure | | Products-Comp Ops | All Other | Products-Comp Ops | All Other | |
| 018 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 019 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 020 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 021 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 022 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 023 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 024 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 025 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 026 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 027 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |

**TOTAL GENERAL LIABILITY PREMIUM** $  1,650
**ACCUMULATED LIABILITY PREMIUM** $  17,468

| *Premium Basis Symbol Key: | (a) Area - (per 1,000 square feet of area) | (c) Cost - (per $1,000 total costl) | (e) Each - (per each exposure) |
|---|---|---|---|
| | (m) Admissions - per $1,000 of admissions) | (p) Payroll - (per $1,000 of of payroll) | (s) Sales - (per $1,000 of gross sales) |
| | (u) Units (per unit) | (o) Other | |

**(This Policy May Be Auditable)**

POLICY NUMBER : GK04636

# COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS
## SUPPLEMENTAL DECLARATION - 3

**LOCATION OF PREMISES COVERED BY THIS POLICY**  (that you own, rent or occupy)

| PREM NO. | STREET ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 028 | 7728 GILBERT STREET | PHILADELPHIA | PA | 19150 |
| 029 | 22 EAST GORGAS LANE | PHILADELPHIA | PA | 19119 |
| 030 | 427 EAST HORTTER STREET | PHILADELPHIA | PA | 19119 |
| 031 | 1171 HORTTER STREET | PHILADELPHIA | PA | 19150 |
| 032 | 7209 LIMEKILN PIKE | PHILADELPHIA | PA | 19138 |
| 033 | 7246 LIMEKILN PIKE | PHILADELPHIA | PA | 19138 |
| 034 | 1731 MAYLAND STREET | PHILADELPHIA | PA | 19138 |
| 035 | 1937 MAYLAND STREET | PHILADELPHIA | PA | 19138 |
| 036 | 1738 MOHICAN STREET | PHILADELPHIA | PA | 19138 |
| 037 | 1763 MOHICAN STREET | PHILADELPHIA | PA | 19138 |

**CLASSIFICATION AND PREMIUM**

| Prem No. | Class Code | Description of Hazards / Insured Classification(s) | *Premium Basis / Exposure | | Rate Products-Comp Ops | Rate All Other | Advance Premium Products-Comp Ops | Advance Premium All Other |
|---|---|---|---|---|---|---|---|---|
| 028 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $           165 |
| 029 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $           165 |
| 030 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $           165 |
| 031 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $           165 |
| 032 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $           165 |
| 033 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $           165 |
| 034 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $           165 |
| 035 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $           165 |
| 036 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $           165 |
| 037 | 63011 | Dwellings-two-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 280.000 | $INCLUDED | $           280 |

TOTAL GENERAL LIABILITY PREMIUM  $           1,765

ACCUMULATED LIABILITY PREMIUM  $          17,468

| *Premium Basis Symbol Key: | (a) Area - (per 1,000 square feet of area)<br>(m) Admissions - per $1,000 of admissions)<br>(u) Units (per unit) | (c) Cost - (per $1,000 total costl)<br>(p) Payroll - (per $1,000 of of payroll)<br>(o) Other | (e) Each - (per each exposure)<br>(s) Sales - (per $1,000 of gross sales) |
|---|---|---|---|

**(This Policy May Be Auditable)**

POLICY NUMBER : GK04636

# COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS
## SUPPLEMENTAL DECLARATION - 4

**LOCATION OF PREMISES COVERED BY THIS POLICY** (that you own, rent or occupy)

| PREM NO. | STREET ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 038 | 1260 EAST MOUNT AIRY AVENUE | PHILADELPHIA | PA | 19150 |
| 039 | 1832 NOLAN STREET | PHILADELPHIA | PA | 19138 |
| 040 | 1216-18 OAK LANE | PHILADELPHIA | PA | 19126 |
| 041 | 1832 EAST PASTORIUS STREET | PHILADELPHIA | PA | 19138 |
| 042 | 728 EAST PHIL ELLENA STREET | PHILADELPHIA | PA | 19119 |
| 043 | 928 WEST PHIL ELLENA STREET | PHILADELPHIA | PA | 19119 |
| 044 | 31 WEST POMONA STREET | PHILADELPHIA | PA | 19144 |
| 045 | 8656 PROVIDENT STREET | PHILADELPHIA | PA | 19150 |
| 046 | 2517 ROSEWOOD STREET | PHILADELPHIA | PA | 19145 |
| 047 | 6481 ROSS STREET | PHILADELPHIA | PA | 19119 |

**CLASSIFICATION AND PREMIUM**

| Prem No. | Class Code | Description of Hazards / Insured Classification(s) | *Premium Basis / Exposure | | Rate Products-Comp Ops | Rate All Other | Advance Premium Products-Comp Ops | Advance Premium All Other | |
|---|---|---|---|---|---|---|---|---|---|
| 038 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 039 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 040 | 63011 | Dwellings-two-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 280.000 | $INCLUDED | $ | 280 |
| 041 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 042 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 043 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 044 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 045 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 046 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 047 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |

TOTAL GENERAL LIABILITY PREMIUM  $  1,765
ACCUMULATED LIABILITY PREMIUM  $  17,468

*Premium Basis
Symbol Key:

(a) Area - (per 1,000 square feet of area)
(m) Admissions - per $1,000 of admissions)
(u) Units (per unit)

(c) Cost - (per $1,000 total costl)
(p) Payroll - (per $1,000 of of payroll)
(o) Other

(e) Each - (per each exposure)
(s) Sales - (per $1,000 of gross sales)

(This Policy May Be Auditable)

GLK  1002 GL 06 09        ORIGINAL

POLICY NUMBER : GK04636

# COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS
## SUPPLEMENTAL DECLARATION - 5

**LOCATION OF PREMISES COVERED BY THIS POLICY** (that you own, rent or occupy)

| PREM NO. | STREET ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 048 | 7814 RUGBY STREET | PHILADELPHIA | PA | 19150 |
| 049 | 349 EAST SHARPNACK STREET | PHILADELPHIA | PA | 19119 |
| 050 | 355 EAST SHARPNACK STREET | PHILADELPHIA | PA | 19119 |
| 051 | 900 EAST SHARPNACK STREET | PHILADELPHIA | PA | 19150 |
| 052 | 927 EAST SHARPNACK STREET | PHILADELPHIA | PA | 19150 |
| 053 | 1140 SLOCUM STREET | PHILADELPHIA | PA | 19150 |
| 054 | 7218 SOMMERS ROAD | PHILADELPHIA | PA | 19138 |
| 055 | 7404 SOMMERS ROAD | PHILADELPHIA | PA | 19138 |
| 056 | 7418 SOMMERS STREET | PHILADELPHIA | PA | 19138 |

**CLASSIFICATION AND PREMIUM**

| Prem No. | Class Code | Description of Hazards / Insured Classification(s) | *Premium Basis / Exposure | | Rate Products-Comp Ops | Rate All Other | Advance Premium Products-Comp Ops | Advance Premium All Other |
|---|---|---|---|---|---|---|---|---|
| 048 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $ INCLUDED | $ 165 |
| 049 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $ INCLUDED | $ 165 |
| 050 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $ INCLUDED | $ 165 |
| 051 | 63011 | Dwellings-two-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 280.000 | $ INCLUDED | $ 280 |
| 052 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $ INCLUDED | $ 165 |
| 053 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $ INCLUDED | $ 165 |
| 054 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $ INCLUDED | $ 165 |
| 055 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $ INCLUDED | $ 165 |
| 056 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $ INCLUDED | $ 165 |
| | | | | | | | $ | $ |

TOTAL GENERAL LIABILITY PREMIUM $ 1,600
ACCUMULATED LIABILITY PREMIUM $ 17,468

*Premium Basis Symbol Key:
(a) Area - (per 1,000 square feet of area)
(m) Admissions - per $1,000 of admissions)
(u) Units (per unit)
(c) Cost - (per $1,000 total cost))
(p) Payroll - (per $1,000 of of payroll)
(o) Other
(e) Each - (per each exposure)
(s) Sales - (per $1,000 of gross sales)

**(This Policy May Be Auditable)**

GLK  1002 GL 06 09

ORIGINAL

Page 5   of 9

POLICY NUMBER : GK04636

# COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS
## SUPPLEMENTAL DECLARATION - 6

**LOCATION OF PREMISES COVERED BY THIS POLICY**  (that you own, rent or occupy)

| PREM NO. | STREET ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 057 | 7022 STENTON AVENUE | PHILADELPHIA | PA | 19138 |
| 058 | 1963 STERLING STREET | PHILADELPHIA | PA | 19138 |
| 059 | 7801 TEMPLE ROAD | PHILADELPHIA | PA | 19150 |
| 060 | 7082 TEMPLE ROAD | PHILADELPHIA | PA | 19150 |
| 061 | 8110 TEMPLE ROAD | PHILADELPHIA | PA | 19150 |
| 062 | 8111 TEMPLE ROAD | PHILADELPHIA | PA | 19150 |
| 063 | 8127 TEMPLE ROAD | PHILADELPHIA | PA | 19150 |
| 064 | 8255 TEMPLE ROAD | PHILADELPHIA | PA | 19150 |
| 065 | 8609 TEMPLE ROAD | PHILADELPHIA | PA | 19150 |
| 066 | 7323 THOURON AVENUE | PHILADELPHIA | PA | 19138 |

**CLASSIFICATION AND PREMIUM**

| Prem No. | Class Code | Description of Hazards / Insured Classification(s) | *Premium Basis / Exposure | | Rate Products-Comp Ops | Rate All Other | Advance Premium Products-Comp Ops | Advance Premium All Other | |
|---|---|---|---|---|---|---|---|---|---|
| 057 | 63011 | Dwellings-two-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 280.000 | $INCLUDED | $ | 280 |
| 058 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 059 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 060 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 061 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 062 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 063 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 064 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 065 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 066 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |

**TOTAL GENERAL LIABILITY PREMIUM** $ 1,765

**ACCUMULATED LIABILITY PREMIUM** $ 17,468

*Premium Basis
Symbol Key:

(a) Area - (per 1,000 square feet of area)    (c) Cost - (per $1,000 total cost)    (e) Each - (per each exposure)
(m) Admissions - per $1,000 of admissions)    (p) Payroll - (per $1,000 of payroll)    (s) Sales - (per $1,000 of gross sales)
(u) Units (per unit)    (o) Other

(This Policy May Be Auditable)

POLICY NUMBER : GK04636

# COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS
## SUPPLEMENTAL DECLARATION - 7

**LOCATION OF PREMISES COVERED BY THIS POLICY**   (that you own, rent or occupy)

| PREM NO. | STREET ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 067 | 7438 THOURON AVENUE | PHILADELPHIA | PA | 19139 |
| 068 | 7502 THOURON AVENUE | PHILADELPHIA | PA | 19150 |
| 069 | 7933 THOURON AVENUE | PHILADELPHIA | PA | 19150 |
| 070 | 8010 THOURON AVENUE | PHILADELPHIA | PA | 19150 |
| 071 | 1517 EAST TULPEHOCKEN STREET | PHILADELPHIA | PA | 19138 |
| 072 | 1741 EAST TULPEHOCKEN STREET | PHILADELPHIA | PA | 19150 |
| 073 | 7485 TULPEHOCKEN STREET | PHILADELPHIA | PA | 19138 |
| 074 | 828 EAST UPSAL STREET | PHILADELPHIA | PA | 19119 |
| 075 | 90 EAST UPSAL STREET | PHILADELPHIA | PA | 19150 |
| 076 | 1034 UPSAL STREET | PHILADELPHIA | PA | 19150 |

**CLASSIFICATION AND PREMIUM**

| Prem No. | Class Code | Description of Hazards / Insured Classification(s) | *Premium Basis / Exposure | | Rate Products-Comp Ops | Rate All Other | Advance Premium Products-Comp Ops | Advance Premium All Other | |
|---|---|---|---|---|---|---|---|---|---|
| 067 | 63011 | Dwellings-two-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 280.000 | $ INCLUDED | $ | 280 |
| 068 | 63011 | Dwellings-two-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 280.000 | $ INCLUDED | $ | 280 |
| 069 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $ INCLUDED | $ | 165 |
| 070 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $ INCLUDED | $ | 165 |
| 071 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $ INCLUDED | $ | 165 |
| 072 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $ INCLUDED | $ | 165 |
| 073 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $ INCLUDED | $ | 165 |
| 074 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $ INCLUDED | $ | 165 |
| 075 | 63011 | Dwellings-two-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 280.000 | $ INCLUDED | $ | 280 |
| 076 | 63011 | Dwellings-two-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 280.000 | $ INCLUDED | $ | 280 |

TOTAL GENERAL LIABILITY PREMIUM  $   2,110
ACCUMULATED LIABILITY PREMIUM  $   17,468

| *Premium Basis Symbol Key: | (a) Area - (per 1,000 square feet of area) | (c) Cost - (per $1,000 total costl) | (e) Each - (per each exposure) |
|---|---|---|---|
| | (m) Admissions - per $1,000 of admissions) | (p) Payroll - (per $1,000 of of payroll) | (s) Sales - (per $1,000 of gross sales) |
| | (u) Units (per unit) | (o) Other | |

**(This Policy May Be Auditable)**

POLICY NUMBER : GK04636

# COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS
## SUPPLEMENTAL DECLARATION - 8

### LOCATION OF PREMISES COVERED BY THIS POLICY   (that you own, rent or occupy)

| PREM NO. | STREET ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 077 | 1101 UPSAL STREET | PHILADELPHIA | PA | 19150 |
| 078 | 1319 UPSAL STREET | PHILADELPHIA | PA | 19150 |
| 079 | 1339 VERNON ROAD | PHILADELPHIA | PA | 19150 |
| 080 | 450 EAST VERNON ROAD | PHILADELPHIA | PA | 19119 |
| 081 | 1535 WALNUT LANE | PHILADELPHIA | PA | 19138 |
| 082 | 7318 WALNUT LANE | PHILADELPHIA | PA | 19138 |
| 083 | 1340 WASHINGTON LANE | PHILADELPHIA | PA | 19150 |
| 084 | 1304 WEAVER STREET | PHILADELPHIA | PA | 19150 |
| 085 | 8071 WILLIAMS STREET | PHILADELPHIA | PA | 19134 |
| 086 | 8527 WILLIAMS STREET | PHILADELPHIA | PA | 19150 |

### CLASSIFICATION AND PREMIUM

| | | | | | Rate | | Advance Premium | | |
|---|---|---|---|---|---|---|---|---|---|
| Prem No. | Class Code | Description of Hazards / Insured Classification(s) | | *Premium Basis / Exposure | Products-Comp Ops | All Other | Products-Comp Ops | All Other | |
| 077 | 63011 | Dwellings-two-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 280.000 | $INCLUDED | $ | 280 |
| 078 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 079 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 080 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 081 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 082 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 083 | 61212 | Buildings or Premises - bank or office - mercantile or manufacturing (lessor's risk only) - Other than Not-For-Profit. Products/Completed Operations are subject to | a) Area-1,000 sq. ft. | 7,072 | INCLUDED | 140.000 | $INCLUDED | $ | 990 |
| 084 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 085 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 086 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |

TOTAL GENERAL LIABILITY PREMIUM   $   2,590

ACCUMULATED LIABILITY PREMIUM   $   17,468

| *Premium Basis Symbol Key: | (a) Area - (per 1,000 square feet of area) | (c) Cost - (per $1,000 total costl) | (e) Each - (per each exposure) |
|---|---|---|---|
| | (m) Admissions - per $1,000 of admissions) | (p) Payroll - (per $1,000 of payroll) | (s) Sales - (per $1,000 of gross sales) |
| | (u) Units (per unit) | (o) Other | |

(This Policy May Be Auditable)

GLK  1002 GL 06 09                    ORIGINAL                    Page 8  of 9

POLICY NUMBER : GK04636

# COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS
## SUPPLEMENTAL DECLARATION - 9

**LOCATION OF PREMISES COVERED BY THIS POLICY**   (that you own, rent or occupy)

| PREM NO. | STREET ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 087 | 8537 WILLIAMS STREET | PHILADELPHIA | PA | 19150 |
| 088 | 8563 WILLIAMS STREET | PHILADELPHIA | PA | 19150 |
| 089 | 7507 WOOLSTON AVENUE | PHILADELPHIA | PA | 19150 |
| 090 | 7945 WOOLSTON AVENUE | PHILADELPHIA | PA | 19150 |
| 091 | 7519 WOOLSTON AVENUE | PHILADELPHIA | PA | 19150 |
| 092 | 1544 WYNSAM STREET | PHILADELPHIA | PA | 19138 |
| 093 | 1605 WYNSAM STREET | PHILADELPHIA | PA | 19138 |
| 094 | 1512 E. WALNUT LANE | PHILADELPHIA | PA | 19138 |

**CLASSIFICATION AND PREMIUM**

| Prem No. | Class Code | Description of Hazards / Insured Classification(s) | *Premium Basis / Exposure | | Rate Products-Comp Ops | Rate All Other | Advance Premium Products-Comp Ops | Advance Premium All Other | |
|---|---|---|---|---|---|---|---|---|---|
| 087 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 088 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 089 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 090 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 091 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 092 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 093 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| 094 | 63010 | Dwellings-one-family (lessor's risk only). Products/Completed Operations are subject to general aggregate limit | u) per Unit | 1 | INCLUDED | 165.000 | $INCLUDED | $ | 165 |
| | | | | | | | $ | $ | |
| | | | | | | | $ | $ | |

TOTAL GENERAL LIABILITY PREMIUM  $    1,320
ACCUMULATED LIABILITY PREMIUM  $   17,468

| *Premium Basis Symbol Key: | (a) Area - (per 1,000 square feet of area) (m) Admissions - per $1,000 of admissions) (u) Units (per unit) | (c) Cost - (per $1,000 total costl) (p) Payroll - (per $1,000 of of payroll) (o) Other | (e) Each - (per each exposure) (s) Sales - (per $1,000 of gross sales) |
|---|---|---|---|

**(This Policy May Be Auditable)**

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** –Definitions.

## SECTION I – COVERAGES

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

### 1. Insuring Agreement

  **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

    **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

  **b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

  **c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

  **d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

© ISO Properties, Inc., 2006
ORIGINAL

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

**c. Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**(1)** Causing or contributing to the intoxication of any person;

**(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

**d. Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e. Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

© ISO Properties, Inc., 2006
ORIGINAL

**f. Pollution**

**(1)** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**(a)** At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

**(i)** "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests;

**(ii)** "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

**(iii)** "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

**(b)** At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

**(c)** Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

**(i)** Any insured; or

**(ii)** Any person or organization for whom you may be legally responsible; or

**(d)** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. However, this subparagraph does not apply to:

**(i)** "Bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the "bodily injury" or "property damage" arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor;

**(ii)** "Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or

**(iii)** "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire".

**(e)** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants".

© ISO Properties, Inc., 2006
ORIGINAL

**(2)** Any loss, cost or expense arising out of any:

  **(a)** Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

  **(b)** Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**g. Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

**(1)** A watercraft while ashore on premises you own or rent;

**(2)** A watercraft you do not own that is:

  **(a)** Less than 26 feet long; and

  **(b)** Not being used to carry persons or property for a charge;

**(3)** Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

**(4)** Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

**(5)** "Bodily injury" or "property damage" arising out of:

  **(a)** The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged; or

  **(b)** the operation of any of the machinery or equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment".

**h. Mobile Equipment**

"Bodily injury" or "property damage" arising out of:

**(1)** The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured; or

**(2)** The use of "mobile equipment" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

**i. War**

"Bodily injury" or "property damage", however caused, arising, directly or indirectly, out of:

**(1)** War, including undeclared or civil war;

**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(3)** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**j. Damage To Property**

"Property damage" to:

**(1)** Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

**(3)** Property loaned to you;

**(4)** Personal property in the care, custody or control of the insured;

© ISO Properties, Inc., 2006
ORIGINAL

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1)**, **(3)** and **(4)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section **III** – Limits Of Insurance.

Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(3)**, **(4)**, **(5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n. Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";

**(2)** "Your work"; or

**(3)** "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**o. Personal And Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury".

**p. Electronic Data**

Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**q. Distribution Of Material In Violation Of Statutes**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**(3)** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

© ISO Properties, Inc., 2006
ORIGINAL

Exclusions **c.** through **n.** do not apply to damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in Section **III** – Limits Of Insurance.

## COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**b. Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

**c. Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

**d. Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

**e. Contractual Liability**

"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

**f. Breach Of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

**g. Quality Or Performance Of Goods – Failure To Conform To Statements**

"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

**h. Wrong Description Of Prices**

"Personal and advertising injury" arising out of the wrong description of the price of goods, products or services stated in your "advertisement".

**i. Infringement Of Copyright, Patent, Trademark Or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

**j. Insureds In Media And Internet Type Businesses**

"Personal and advertising injury" committed by an insured whose business is:

**(1)** Advertising, broadcasting, publishing or telecasting;

**(2)** Designing or determining content of web-sites for others; or

© ISO Properties, Inc., 2006
ORIGINAL

**(3)** An Internet search, access, content or service provider.

However, this exclusion does not apply to Paragraphs **14.a., b.** and **c.** of "personal and advertising injury" under the Definitions Section.

For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you or others anywhere on the Internet, is not by itself, considered the business of advertising, broadcasting, publishing or telecasting.

**k. Electronic Chatrooms Or Bulletin Boards**

"Personal and advertising injury" arising out of an electronic chatroom or bulletin board the insured hosts, owns, or over which the insured exercises control.

**l. Unauthorized Use Of Another's Name Or Product**

"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

**m. Pollution**

"Personal and advertising injury" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

**n. Pollution-Related**

Any loss, cost or expense arising out of any:

**(1)** Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

**(2)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

**o. War**

"Personal and advertising injury", however caused, arising, directly or indirectly, out of:

**(1)** War, including undeclared or civil war;

**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(3)** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**p. Distribution Of Material In Violation Of Statutes**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**(3)** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

**COVERAGE C MEDICAL PAYMENTS**

**1. Insuring Agreement**

**a.** We will pay medical expenses as described below for "bodily injury" caused by an accident:

**(1)** On premises you own or rent;

**(2)** On ways next to premises you own or rent; or

**(3)** Because of your operations;

provided that:

**(a)** The accident takes place in the "coverage territory" and during the policy period;

**(b)** The expenses are incurred and reported to us within one year of the date of the accident; and

**(c)** The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

**b.** We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

**(1)** First aid administered at the time of an accident;

**(2)** Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

**(3)** Necessary ambulance, hospital, professional nursing and funeral services.

© ISO Properties, Inc., 2006
ORIGINAL

## 2. Exclusions

We will not pay expenses for "bodily injury":

**a. Any Insured**

To any insured, except "volunteer workers".

**b. Hired Person**

To a person hired to do work for or on behalf of any insured or a tenant of any insured.

**c. Injury On Normally Occupied Premises**

To a person injured on that part of premises you own or rent that the person normally occupies.

**d. Workers Compensation And Similar Laws**

To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

**e. Athletics Activities**

To a person injured while practicing, instructing or participating in any physical exercises or games, sports, or athletic contests.

**f. Products-Completed Operations Hazard**

Included within the "products-completed operations hazard".

**g. Coverage A Exclusions**

Excluded under Coverage **A.**

## SUPPLEMENTARY PAYMENTS – COVERAGES A AND B

1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

   **a.** All expenses we incur.

   **b.** Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

   **c.** The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

   **d.** All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

   **e.** All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

   **f.** Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

   **g.** All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

   These payments will not reduce the limits of insurance.

2. If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

   **a.** The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

   **b.** This insurance applies to such liability assumed by the insured;

   **c.** The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

   **d.** The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

   **e.** The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

   **f.** The indemnitee:

   (1) Agrees in writing to:

   (a) Cooperate with us in the investigation, settlement or defense of the "suit";

   (b) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

   (c) Notify any other insurer whose coverage is available to the indemnitee; and

   (d) Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

   (2) Provides us with written authorization to:

   (a) Obtain records and other information related to the "suit"; and

© ISO Properties, Inc., 2006
ORIGINAL

**(b)** Conduct and control the defense of the indemnitee in such "suit".

So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of Paragraph **2.b.(2)** of Section **I** – Coverage **A** – Bodily Injury And Property Damage Liability, such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when we have used up the applicable limit of insurance in the payment of judgments or settlements or the conditions set forth above, or the terms of the agreement described in Paragraph **f.** above, are no longer met.

## SECTION II – WHO IS AN INSURED

**1.** If you are designated in the Declarations as:

  **a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

  **b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

  **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

  **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

  **e.** A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

**2.** Each of the following is also an insured:

  **a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

  **(1)** "Bodily injury" or "personal and advertising injury":

    **(a)** To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

    **(b)** To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph **(1)(a)** above;

    **(c)** For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs **(1)(a)** or **(b)** above; or

    **(d)** Arising out of his or her providing or failing to provide professional health care services.

  **(2)** "Property damage" to property:

    **(a)** Owned, occupied or used by,

    **(b)** Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

    you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

© ISO Properties, Inc., 2006
ORIGINAL

**b.** Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

**c.** Any person or organization having proper temporary custody of your property if you die, but only:

   **(1)** With respect to liability arising out of the maintenance or use of that property; and

   **(2)** Until your legal representative has been appointed.

**d.** Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

**3.** Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

**a.** Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

**b.** Coverage **A** does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

**c.** Coverage **B** does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

## SECTION III – LIMITS OF INSURANCE

**1.** The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

**a.** Insureds;

**b.** Claims made or "suits" brought; or

**c.** Persons or organizations making claims or bringing "suits".

**2.** The General Aggregate Limit is the most we will pay for the sum of:

**a.** Medical expenses under Coverage **C;**

**b.** Damages under Coverage **A,** except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

**c.** Damages under Coverage **B.**

**3.** The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage **A** for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".

**4.** Subject to Paragraph **2.** above, the Personal and Advertising Injury Limit is the most we will pay under Coverage **B** for the sum of all damages because of all "personal and advertising injury" sustained by any one person or organization.

**5.** Subject to Paragraph **2.** or **3.** above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

**a.** Damages under Coverage **A;** and

**b.** Medical expenses under Coverage **C**

because of all "bodily injury" and "property damage" arising out of any one "occurrence".

**6.** Subject to Paragraph **5.** above, the Damage To Premises Rented To You Limit is the most we will pay under Coverage **A** for damages because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.

**7.** Subject to Paragraph **5.** above, the Medical Expense Limit is the most we will pay under Coverage **C** for all medical expenses because of "bodily injury" sustained by any one person.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

**1. Bankruptcy**

Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

   **(1)** How, when and where the "occurrence" or offense took place;

   **(2)** The names and addresses of any injured persons and witnesses; and

© ISO Properties, Inc., 2006
ORIGINAL

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**3. Legal Action Against Us**

No person or organization has a right under this Coverage Part:

**a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

**b.** To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

**b. Excess Insurance**

(1) This insurance is excess over:

(a) Any of the other insurance, whether primary, excess, contingent or on any other basis:

(i) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

(ii) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

(iii) That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

(iv) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section I – Coverage **A** – Bodily Injury And Property Damage Liability.

(b) Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

(2) When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

© ISO Properties, Inc., 2006
ORIGINAL

**(3)** When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**(a)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(b)** The total of all deductible and self-insured amounts under all that other insurance.

**(4)** We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**c. Method Of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

**5. Premium Audit**

**a.** We will compute all premiums for this Coverage Part in accordance with our rules and rates.

**b.** Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period and send notice to the first Named Insured. The due date for audit and retrospective premiums is the date shown as the due date on the bill. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

**c.** The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

**6. Representations**

By accepting this policy, you agree:

**a.** The statements in the Declarations are accurate and complete;

**b.** Those statements are based upon representations you made to us; and

**c.** We have issued this policy in reliance upon your representations.

**7. Separation Of Insureds**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

**a.** As if each Named Insured were the only Named Insured; and

**b.** Separately to each insured against whom claim is made or "suit" is brought.

**8. Transfer Of Rights Of Recovery Against Others To Us**

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

**9. When We Do Not Renew**

If we decide not to renew this Coverage Part, we will mail or deliver to the first Named Insured shown in the Declarations written notice of the nonrenewal not less than 30 days before the expiration date.

If notice is mailed, proof of mailing will be sufficient proof of notice.

**SECTION V – DEFINITIONS**

**1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

**a.** Notices that are published include material placed on the Internet or on similar electronic means of communication; and

**b.** Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

**2.** "Auto" means:

**a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

**b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

© ISO Properties, Inc., 2006
ORIGINAL

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "Coverage territory" means:

   a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

   b. International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in Paragraph **a.** above; or

   c. All other parts of the world if the injury or damage arises out of:

      (1) Goods or products made or sold by you in the territory described in Paragraph **a.** above;

      (2) The activities of a person whose home is in the territory described in Paragraph **a.** above, but is away for a short time on your business; or

      (3) "Personal and advertising injury" offenses that take place through the Internet or similar electronic means of communication

   provided the insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in Paragraph **a.** above or in a settlement we agree to.

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

7. "Hostile fire" means one which becomes uncontrollable or breaks out from where it was intended to be.

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

9. "Insured contract" means:

   a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

   b. A sidetrack agreement;

   c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

   d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

   e. An elevator maintenance agreement;

   f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

   Paragraph **f.** does not include that part of any contract or agreement:

      (1) That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

      (2) That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

         (a) Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

         (b) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

      (3) Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

 © ISO Properties, Inc., 2006
ORIGINAL

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

11. "Loading or unloading" means the handling of property:

   **a.** After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

   **b.** While it is in or on an aircraft, watercraft or "auto"; or

   **c.** While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

12. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

   **a.** Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

   **b.** Vehicles maintained for use solely on or next to premises you own or rent;

   **c.** Vehicles that travel on crawler treads;

   **d.** Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

      **(1)** Power cranes, shovels, loaders, diggers or drills; or

      **(2)** Road construction or resurfacing equipment such as graders, scrapers or rollers;

   **e.** Vehicles not described in Paragraph **a., b., c.** or **d.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

      **(1)** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

      **(2)** Cherry pickers and similar devices used to raise or lower workers;

   **f.** Vehicles not described in Paragraph **a., b., c.** or **d.** above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

   **(1)** Equipment designed primarily for:

      **(a)** Snow removal;

      **(b)** Road maintenance, but not construction or resurfacing; or

      **(c)** Street cleaning;

   **(2)** Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

   **(3)** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

However, "mobile equipment" does not include any land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   **a.** False arrest, detention or imprisonment;

   **b.** Malicious prosecution;

   **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

   **f.** The use of another's advertising idea in your "advertisement"; or

   **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

© ISO Properties, Inc., 2006
ORIGINAL

15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

16. "Products-completed operations hazard":

    **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        **(1)** Products that are still in your physical possession; or

        **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            **(a)** When all of the work called for in your contract has been completed.

            **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    **b.** Does not include "bodily injury" or "property damage" arising out of:

        **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

        **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

        **(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

    **a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    **b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

21. "Your product":

    **a.** Means:

        **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            **(a)** You;

            **(b)** Others trading under your name; or

            **(c)** A person or organization whose business or assets you have acquired; and

        **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.** Includes:

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

 © ISO Properties, Inc., 2006

ORIGINAL

           **(2)** The providing of or failure to provide warnings or instructions.

   **c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work":

   **a.** Means:

           **(1)** Work or operations performed by you or on your behalf; and

           **(2)** Materials, parts or equipment furnished in connection with such work or operations.

   **b.** Includes:

           **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

           **(2)** The providing of or failure to provide warnings or instructions.

© ISO Properties, Inc., 2006
ORIGINAL

CG 00 01 12 07

IL 00 21 09 08

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
MEDICAL PROFESSIONAL LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

**1.** The insurance does not apply:

**A.** Under any Liability Coverage, to "bodily injury" or "property damage":

(1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which **(a)** any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or **(b)** the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

**B.** Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

**C.** Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

(1) The "nuclear material" **(a)** is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or **(b)** has been discharged or dispersed therefrom;

(2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

(3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion **(3)** applies only to "property damage" to such "nuclear facility" and any property thereat.

**2.** As used in this endorsement:

"Hazardous properties" includes radioactive, toxic or explosive properties.

"Nuclear material" means "source material", "special nuclear material" or "by-product material".

© ISO Properties, Inc., 2007
ORIGINAL

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

   **(a)** Any "nuclear reactor";

   **(b)** Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

   **(c)** Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

   **(d)** Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

 © ISO Properties, Inc., 2007
ORIGINAL IL 00 21 09 08

COMMERCIAL GENERAL LIABILITY
CG 00 68 05 09

# RECORDING AND DISTRIBUTION OF MATERIAL OR INFORMATION IN VIOLATION OF LAW EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** Exclusion **q.** of Paragraph **2. Exclusions** of Section **I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

**2. Exclusions**

This insurance does not apply to:

**q. Recording And Distribution Of Material Or Information In Violation Of Law**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

**(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

**B.** Exclusion **p.** of Paragraph **2. Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability** is replaced by the following:

**2. Exclusions**

This insurance does not apply to:

**p. Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

**(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

 © Insurance Services Office, Inc., 2008
ORIGINAL

POLICY NUMBER: GK04636

**COMMERCIAL GENERAL LIABILITY**
**CG 03 00 01 96**

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# DEDUCTIBLE LIABILITY INSURANCE

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

### SCHEDULE

| Coverage | Amount and Basis of Deductible | |
|---|---|---|
| | PER CLAIM    or | PER OCCURRENCE |
| Bodily Injury Liability | $      500 | $ |
| OR | | |
| Property Damage Liability | $      500 | $ |
| OR | | |
| Bodily Injury Liability and/or Property Damage Liability Combined | $ | $ |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**APPLICATION OF ENDORSEMENT** (Enter below any limitations on the application of this endorsement. If no limitation is entered, the deductibles apply to damages for all "bodily injury" and "property damage", however caused):

**A.** Our obligation under the Bodily Injury Liability and Property Damage Liability Coverages to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule above as applicable to such coverages.

**B.** You may select a deductible amount on either a per claim or a per "occurrence" basis. Your selected deductible applies to the coverage option and to the basis of the deductible indicated by the placement of the deductible amount in the Schedule above. The deductible amount stated in the Schedule above applies as follows:

    **1. PER CLAIM BASIS.** If the deductible amount indicated in the Schedule above is on a per claim basis, that deductible applies as follows:

        **a.** Under Bodily Injury Liability Coverage, to all damages sustained by any one person because of "bodily injury";

    **b.** Under Property Damage Liability Coverage, to all damages sustained by any one person because of "property damage"; or

    **c.** Under Bodily Injury Liability and/or Property Damage Liability Coverage Combined, to all damages sustained by any one person because of:

        **(1)** "Bodily injury";

        **(2)** "Property damage"; or

        **(3)** "Bodily injury" and "property damage" combined

    as the result of any one "occurrence".

If damages are claimed for care, loss of services or death resulting at any time from "bodily injury", a separate deductible amount will be applied to each person making a claim for such damages.

With respect to "property damage", person includes an organization.

Copyright, Insurance Services Office, Inc., 1994
ORIGINAL

**2. PER OCCURRENCE BASIS.** If the deductible amount indicated in the Schedule above is on a "per occurrence" basis, that deductible amount applies as follows:

  **a.** Under Bodily Injury Liability Coverage, to all damages because of "bodily injury";

  **b.** Under Property Damage Liability Coverage, to all damages because of "property damage"; or

  **c.** Under Bodily Injury Liability and/or Property Damage Liability Coverage Combined, to all damages because of:

    **(1)** "Bodily injury";

    **(2)** "Property damage"; or

    **(3)** "Bodily injury" and "property damage" combined

as the result of any one "occurrence", regardless of the number of persons or organizations who sustain damages because of that "occurrence".

**C.** The terms of this insurance, including those with respect to:

  **1.** Our right and duty to defend the insured against any "suits" seeking those damages; and

  **2.** Your duties in the event of an "occurrence", claim, or "suit"

apply irrespective of the application of the deductible amount.

**D.** We may pay any part or all of the deductible amount to effect settlement of any claim or "suit" and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount as has been paid by us.

Copyright, Insurance Services Office, Inc., 1994
ORIGINAL

CG 03 00 01 96

POLICY NUMBER: GK04636                                          **COMMERCIAL GENERAL LIABILITY**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# ADDITIONAL INSURED –
# MORTGAGEE, ASSIGNEE, OR RECEIVER

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Name of Person or Organization:**   PARKE BANK
601 DELSEA DRIVE, SEWELL, NJ 08080

**Designation of Premises:**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

1. WHO IS AN INSURED (Section II) is amended to include as an insured the person(s) or organization(s) shown in the Schedule but only with respect to their liability as mortgagee, assignee, or receiver and arising out of the ownership, maintenance, or use of the premises by you and shown in the Schedule.
2. This insurance does not apply to structural alterations, new construction and demolition operations performed by or for that person or organization.

CG 20 18 11 85                    Copyright, Insurance Services Office, Inc., 1984                    Page 1 of 1
ORIGINAL

COMMERCIAL GENERAL LIABILITY
CG 21 32 05 09

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# COMMUNICABLE DISEASE EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is added to Paragraph **2. Exclusions** of Section **I – Coverage A – Bodily Injury And Property Damage Liability:**

   **2. Exclusions**

      This insurance does not apply to:

      **Communicable Disease**

      "Bodily injury" or "property damage" arising out of the actual or alleged transmission of a communicable disease.

      This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the:

      **a.** Supervising, hiring, employing, training or monitoring of others that may be infected with and spread a communicable disease;

      **b.** Testing for a communicable disease;

      **c.** Failure to prevent the spread of the disease; or

      **d.** Failure to report the disease to authorities.

**B.** The following exclusion is added to Paragraph **2. Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability:**

   **2. Exclusions**

      This insurance does not apply to:

      **Communicable Disease**

      "Personal and advertising injury" arising out of the actual or alleged transmission of a communicable disease.

      This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the:

      **a.** Supervising, hiring, employing, training or monitoring of others that may be infected with and spread a communicable disease;

      **b.** Testing for a communicable disease;

      **c.** Failure to prevent the spread of the disease; or

      **d.** Failure to report the disease to authorities.

POLICY NUMBER: GK04636

<div align="right">COMMERCIAL GENERAL LIABILITY<br>CG 21 44 07 98</div>

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

## SCHEDULE

| |
|---|
| **Premises:**<br>   ALL SCHEDULED LOCATIONS |
| **Project:** |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or
2. The project shown in the Schedule.

Copyright, Insurance Services Office, Inc., 1997<br>ORIGINAL

COMMERCIAL GENERAL LIABILITY
CG 21 47 12 07

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# EMPLOYMENT-RELATED PRACTICES EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is added to Paragraph **2.,**
**Exclusions** of Section **I – Coverage A – Bodily**
**Injury And Property Damage Liability:**

This insurance does not apply to:

"Bodily injury" to:

**(1)** A person arising out of any:

    **(a)** Refusal to employ that person;

    **(b)** Termination of that person's employment; or

    **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or

**(2)** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs **(a), (b),** or **(c)** above is directed.

This exclusion applies:

**(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;

**(2)** Whether the insured may be liable as an employer or in any other capacity; and

**(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**B.** The following exclusion is added to Paragraph **2.,**
**Exclusions** of Section **I – Coverage B – Personal**
**And Advertising Injury Liability:**

This insurance does not apply to:

"Personal and advertising injury" to:

**(1)** A person arising out of any:

    **(a)** Refusal to employ that person;

    **(b)** Termination of that person's employment; or

    **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or

**(2)** The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that person at whom any of the employment-related practices described in Paragraphs **(a), (b),** or **(c)** above is directed.

This exclusion applies:

**(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;

**(2)** Whether the insured may be liable as an employer or in any other capacity; and

**(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

© ISO Properties, Inc., 2006
ORIGINAL

COMMERCIAL GENERAL LIABILITY
CG 21 49 09 99

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# TOTAL POLLUTION EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion **f.** under Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

This insurance does not apply to:

**f. Pollution**

**(1)** "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

**(2)** Any loss, cost or expense arising out of any:

**(a)** Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**(b)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

Copyright, Insurance Services Office, Inc., 1998
ORIGINAL

COMMERCIAL GENERAL LIABILITY
CG 21 67 12 04

# THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# FUNGI OR BACTERIA EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability:**

**2. Exclusions**

This insurance does not apply to:

**Fungi Or Bacteria**

**a.** "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

**b.** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

**B.** The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

**2. Exclusions**

This insurance does not apply to:

**Fungi Or Bacteria**

**a.** "Personal and advertising injury" which would not have taken place, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury.

**b.** Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

**C.** The following definition is added to the **Definitions** Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

© ISO Properties, Inc., 2003
ORIGINAL

COMMERCIAL GENERAL LIABILITY
CG 21 73 01 15

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# EXCLUSION OF CERTIFIED ACTS OF TERRORISM

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

**A.** The following exclusion is added:

This insurance does not apply to:

**TERRORISM**

"Any injury or damage" arising, directly or indirectly, out of a "certified act of terrorism".

**B.** The following definitions are added:

**1.** For the purposes of this endorsement, "any injury or damage" means any injury or damage covered under any Coverage Part to which this endorsement is applicable, and includes but is not limited to "bodily injury", "property damage", "personal and advertising injury", "injury" or "environmental damage" as may be defined in any applicable Coverage Part.

**2.** "Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in accordance with the provisions of the federal Terrorism Risk Insurance Act, to be an act of terrorism pursuant to such Act. The criteria contained in the Terrorism Risk Insurance Act for a "certified act of terrorism" include the following:

**a.** The act resulted in insured losses in excess of $5 million in the aggregate, attributable to all types of insurance subject to the Terrorism Risk Insurance Act; and

**b.** The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

**C.** The terms and limitations of any terrorism exclusion, or the inapplicability or omission of a terrorism exclusion, do not serve to create coverage for injury or damage that is otherwise excluded under this Coverage Part.

© Insurance Services Office, Inc., 2014
ORIGINAL

COMMERCIAL GENERAL LIABILITY
CG 21 96 03 05

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# SILICA OR SILICA-RELATED DUST EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability:**

 **2. Exclusions**

 This insurance does not apply to:

 **Silica Or Silica-Related Dust**

 **a.** "Bodily injury" arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, "silica" or "silica-related dust".

 **b.** "Property damage" arising, in whole or in part, out of the actual, alleged, threatened or suspected contact with, exposure to, existence of, or presence of, "silica" or "silica-related dust".

 **c.** Any loss, cost or expense arising, in whole or in part, out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of, "silica" or "silica-related dust", by any insured or by any other person or entity.

**B.** The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

 **2. Exclusions**

 This insurance does not apply to:

 **Silica Or Silica-Related Dust**

 **a.** "Personal and advertising injury" arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, "silica" or "silica-related dust".

 **b.** Any loss, cost or expense arising, in whole or in part, out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of, "silica" or "silica-related dust", by any insured or by any other person or entity.

**C.** The following definitions are added to the **Definitions** Section:

 **1.** "Silica" means silicon dioxide (occurring in crystalline, amorphous and impure forms), silica particles, silica dust or silica compounds.

 **2.** "Silica-related dust" means a mixture or combination of silica and other dust or particles.

© ISO Properties, Inc., 2004
ORIGINAL

POLICY NUMBER:

**COMMERCIAL GENERAL LIABILITY**
**CG 24 26 07 04**

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# AMENDMENT OF INSURED CONTRACT DEFINITION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Paragraph **9.** of the **Definitions** Section is replaced by the following:

**9.** "Insured contract" means:

**a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

**b.** A sidetrack agreement;

**c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**e.** An elevator maintenance agreement;

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph **f.** does not include that part of any contract or agreement:

**(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

**(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**(a)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

**(3)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

© ISO Properties, Inc., 2004
ORIGINAL

# ASBESTOS EXCLUSION

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

A.  The following exclusion is added to Paragraph **2. Exclusions** of **SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and to Paragraph **2. Exclusions** of **SECTION I – COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY:**

   2.  **Exclusions**

   This insurance does not apply to:

   a.   "Bodily injury"  arising out of the actual, alleged, threatened, or suspected inhalation, ingestion, or physical exposure to asbestos, or to goods, products, or structures containing asbestos; or

   b.   "Bodily injury" or "property damage" arising out of:

   i. The use of asbestos or products containing asbestos in construction or manufacturing any good, product or structure; or

   ii. The manufacture, transportation, storage, service, installation, use, sales, mining, distribution, abatement, removal, clean up or disposal of asbestos or goods, products, or structures containing asbestos; or

   c.   Any loss, cost, or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, or disposing of, or in any way responding to or assessing the effects of asbestos, by any insured or by any other person or entity.

GLK  4002 GL 08 09

Page 1 of 1

ORIGINAL

# ASSAULT OR BATTERY EXCLUSION

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

> **COMMERCIAL GENERAL LIABILITY COVERAGE PART**
> **LIQUOR LIABILITY COVERAGE PART**

**A.** The following exclusion is added to Paragraph **2. Exclusions** of **SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** to Paragraph **2. Exclusions** of **SECTION I – COVERAGE B – PERSONAL AND ADVERTISING INJURY,** and Paragraph **2. Exclusions** of **SECTION 1 – LIQUOR LIABILITY COVERAGE:**

> **2. Exclusions**
> This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of an "assault", "battery", or "physical altercation":
> **a.** Whether or not caused by, at the instigation of, or with the direct or indirect involvement of an insured, an insured's employees, patrons, or other persons in, on, near, or away from an insured's premises; or
> **b.** Whether or not caused by or arising out of an insured's failure to properly supervise or keep an insured's premises in a safe condition; or
> **c.** Whether or not caused by or arising out of any insured's act or omission in connection with the prevention, suppression, or failure to warn of the "assault", "battery", or "physical altercation", or providing or not providing or summoning or not summoning medical or other assistance in connection with the "assault". "battery", or "physical altercation", including but not limited to, negligent hiring, training, or supervision; or
> **d.** Whether or not caused by or arising out of negligent, reckless, or wanton conduct by an insured, an insured's employees, patrons, or other persons.

B. The following exclusion is added to Paragraph **2. Exclusions** of **SECTION I – MEDICAL PAYMENTS:**

> We will not pay expenses for "bodily injury" arising out of an "assault", "battery", or "physical altercation":
> **a.** Whether or not caused by, at the instigation of, or with the direct or indirect involvement of an insured, an insured's employees, patrons, or other persons in, on, near, or away from an insured's premises; or
> **b.** Whether or not caused by or arising out of an insured's failure to properly supervise or keep an insured's premises in a safe condition; or

GLK  4004 GL 08 09

ORIGINAL

    **c.**  Whether or not caused by or arising out of any insured's act or omission in connection with the prevention, suppression, failure to warn of the "assault", "battery", or "physical altercation" or providing or not providing or summoning or not summoning medical or other assistance in connection with the "assault", "battery", or "physical altercation", including but not limited to, negligent hiring, training, or supervision; or

    **d.**  Whether or not caused by or arising out of negligent, reckless, or wanton conduct by an insured, an insured's employees, patrons, or other persons.

The following is added to **SECTION V – DEFINITIONS:**

"Assault" means any attempt of threat to inflict injury on another including any conduct that would reasonably place another in apprehension of such injury.

"Battery" means the intentional or reckless physical contact with or any use of force against a person without his or her consent that entails some injury or offensive touching whether or not the actual injury inflicted is intended or expected.

"Physical altercation" means a dispute between individual in which one or more persons sustain bodily injury arising out of the dispute.

GLK   4004 GL 08 09

ORIGINAL

# EARTH MOVEMENT EXCLUSION

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

A. The following exclusion is added to Paragraph **2. Exclusions** of **SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** and to Paragraph **2. Exclusions** of **SECTION I – COVERAGE B – PERSONAL AND ADVERTISING INJURY:**

  2. Exclusions
  This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" caused by, arising from, resulting from, attributable or contributed to, or aggravated by earth movement, whether combined with water or not, including but not limited to earthquakes, landslides, subsidence, mudflow, sinkhole, erosion, or the sinking, rising, shifting, expanding or contracting of earth or soil.

  This exclusion applies regardless of the cause or causes of the earth movement.

# LEAD CONTAMINATION – EXCLUSION

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**GENERAL LIABILITY COVERAGE PART**

A.  The following exclusion is added to Paragraph **2., Exclusions** of **SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** to Paragraph **2. Exclusions** of **SECTION I – COVERAGE B – PERSONAL AND ADVERTISING INJURY:**

2.  **Exclusions**
This insurance does not apply to:

a.  "Bodily injury" arising out of the ingestion, inhalation, or absorption of lead in any form; or

b.  "Property damage" arising from any form of lead; or

c.  Any loss, cost, or expense arising out of any request, demand, order or statutory regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of lead; or

d.  Any loss, cost, or expense arising out of any claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of lead.

# PUNITIVE OR EXEMPLARY DAMAGE EXCLUSION

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This policy does not apply to a claim of or indemnification for punitive or exemplary damages.

Punitive or exemplary damage also include any damages awarded pursuant to statute in the form of double, treble or other multiple damages in excess of compensatory damages.

GLK   4017 GL 08 09

ORIGINAL

# ANIMAL EXCLUSION

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**A.**  The following exclusion is added to Paragraph **2. Exclusions** of **SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and to Paragraph **2. Exclusions** of **SECTION I – COVERAGE B – PERSONAL AND ADVERTISING INJURY:**

**2.  Exclusions**
This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury":

**a.**  Arising out of domestic or wild animals, including but not limited to mammals, reptiles, insects, birds, or fish.

ORIGINAL

# LIQUOR LIABILITY EXCLUSION

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

Exclusion **c.** of **SECTION I – COVERAGES - COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is replaced with the following:

**c.** "Bodily Injury" or "property damage" for which any insured may be held liable by reason of:

    **(1)** Causing or contributing to the intoxication of any person:

        **a.** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

        **b.** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

# EXHIBIT "B"

**THIS IS A MAJOR JURY MATTER**

**HILL & ASSOCIATES, P.C.**
**BY: LEONARD K. HILL**
**Identification No. 81849**                        Attorney for Plaintiff
**Suite 1100, 123 S. Broad Street**
**Philadelphia, PA 19109**
**(215) 567-7600**

*Filed and Attested by the*
*Office of Judicial Records*
*08 MAY 2018 10:22 am*
*R. EDWARDS*

| | | |
|---|---|---|
| Vincent Smithwick | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff | : | |
| | : | CIVIL TRIAL DIVISION |
| vs. | : | |
| | : | |
| Bala Inn; Bala Inn, Inc.; | : | |
| Bala Inn Sports Bar & Grill; | : | April Term, 2018 |
| Bala Tavern Company, Inc.; Cynthia Borish; | : | |
| Scott Borish; City Avenue Pawnshop Outlet;: | | NO. 0862 |
| Robert Mazer; | : | |
| Little Kitchen City Restaurant; | : | |
| Daisy Larcena Walker; Jiffy Lube; | : | |
| Jiffy Lube #183; Jiffy Lube International Inc.;: | | |
| Jiffy Lube International of PA, Inc.; and | : | |
| City Avenue Investors, L.P. | : | |
| Defendants | : | |

---

### CIVIL ACTION-COMPLAINT
### NEGLIGENCE-PREMISES LIABILITY

<div style="display:flex">

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CONNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**Philadelphia Bar Association**
**Lawyer Referral and Information**
**One Reading Center**
**Philadelphia, PA 19107**
**(215) 238-1701**

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y require que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SINO TIENE EL DINERO SUFICINMENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**Asociacion De Licenciado De Filadelfia**
**One reading Center**
**Filadelfia, PA 19107**
**Telefono: (215) 238-1701**

</div>

Case ID: 180400862

**THIS IS A MAJOR JURY MATTER**

**HILL & ASSOCIATES, P.C.**
**BY:  LEONARD K. HILL**
**Identification No.  81849**                    **Attorney for Plaintiff**
**Suite 1100, 123 S. Broad Street**
**Philadelphia, PA  19109**
**(215) 567-7600**

---

Vincent Smithwick                          :        COURT OF COMMON PLEAS
531 General Pattison Drive                 :
Glenside, PA 19038                         :        PHILADELPHIA COUNTY
                                           :        CIVIL TRIAL DIVISION
                   Plaintiff               :
                                           :
                   vs.                     :
                                           :
Bala Inn                                   :        April Term, 2018
5004 City Avenue                           :
Philadelphia, PA 19131                     :        NO. 0862
         &                                 :
Bala Inn, Inc.                             :
5004 City Avenue                           :
Philadelphia, PA 19131                     :
         &                                 :
Bala Inn Sports Bar & Grill                :
5004 City Avenue                           :
Philadelphia, PA 19131                     :
         &                                 :
Bala Tavern Company, Inc.                  :
5004 City Avenue                           :
Philadelphia, PA 19131                     :
         &                                 :
Cynthia Borish                             :
5004 City Avenue                           :
Philadelphia, PA 19131                     :
         &                                 :
Scott Borish                               :
5004 City Avenue                           :
Philadelphia, PA 19131                     :
         &                                 :
City Avenue Pawnshop Outlet                :
5006 City Avenue                           :
Philadelphia, PA 19131                     :
         &                                 :

```
Robert Mazer                              :
5006 City Avenue                          :
Philadelphia, PA 19131                    :
                    &                     :
Little Kitchen City Restaurant            :
5000 City Avenue                          :
Philadelphia, PA 19131                    :
                    &                     :
Daisy Larcena Walker                      :
5000 City Avenue                          :
Philadelphia, PA 19131                    :
                    &                     :
Jiffy Lube                                :
5010 City Avenue                          :
Philadelphia, PA 19131                    :
                    &                     :
Jiffy Lube #183                           :
5010 City Avenue                          :
Philadelphia, PA 19131                    :
                    &                     :
Jiffy Lube International Inc.             :
P.O. Box 4427                             :
Houston, TX 77210                         :
                    &                     :
Jiffy Lube International of PA, Inc.      :
c/o CT Corp System                        :
123 S. Broad Street                       :
Philadelphia, PA 19109                    :
                    &                     :
City Avenue Investors, L.P.               :
c/o C.T. Corporation                      :
116 Pine Street, Suite 320                :
Harrisburg, PA 17101                      :
                    Defendants            :
```

## CIVIL ACTION COMPLAINT

### GENERAL AVERMENTS

1. Plaintiff, Vincent Smithwick, is an adult citizen and resident of the Commonwealth of

   Pennsylvania residing at the address listed in the caption.

Case ID: 180400862

2. Defendant, Bala Inn, Inc. is a corporation licensed to do business in the Commonwealth of Pennsylvania, County of Philadelphia, with a principal place of business at the address shown in the caption.

3. At all relevant times, including on April 7, 2016, Defendant Bala Inn, Inc. conducted business under the name "Bala Inn Sports Bar & Grill" and/or "Bala Inn" at said location.

4. Defendant, Bala Tavern Company, Inc., is a corporation licensed to do business in the Commonwealth of Pennsylvania, County of Philadelphia, with a principal place of business at the address shown in the caption.

5. Defendant, Cynthia Borish, is an individual citizen and resident of the Commonwealth of Pennsylvania, County of Philadelphia, residing therein at the address shown in the above caption.

6. Defendant, Scott Borish, is an individual citizen and resident of the Commonwealth of Pennsylvania, County of Philadelphia, residing therein at the address shown in the above caption.

7. Defendant, City Avenue Pawnshop Outlet, is a corporation licensed to do business in the Commonwealth of Pennsylvania, County of Philadelphia, with a principal place of business at the address shown in the caption.

8. Defendant, Robert Mazer, is an individual citizen and resident of the Commonwealth of Pennsylvania, County of Philadelphia, residing therein at the address shown in the above caption.

9. Defendant, Little Kitchen City Restaurant, is a corporation licensed to do business in the Commonwealth of Pennsylvania, County of Philadelphia, with a principal place of business at the address shown in the caption.

10. Defendant, Daisy Larcena Walker, is an individual citizen and resident of the Commonwealth of Pennsylvania, County of Philadelphia, residing therein at the address shown in the above caption.

11. Defendant, Jiffy Lube, is a corporation licensed to do business in the Commonwealth of Pennsylvania, County of Philadelphia, with a principal place of business at the address shown in the caption.

12. Defendant, Jiffy Lube #183, is a corporation licensed to do business in the Commonwealth of Pennsylvania, County of Philadelphia, with a principal place of business at the address shown in the caption.

13. Defendant, Jiffy Lube International Inc., is a corporation licensed to do business in the Commonwealth of Pennsylvania, County of Philadelphia, with a principal place of business at the address shown in the caption.

14. Defendant, Jiffy Lube International of PA, Inc., is a corporation licensed to do business in the Commonwealth of Pennsylvania, County of Philadelphia, with a principal place of business at the address shown in the caption.

15. Defendant, City Avenue Investors, L.P., is a corporation licensed to do business in the Commonwealth of Pennsylvania, County of Philadelphia, with a principal place of business at the address shown in the caption.

16. All Defendants, are individuals and/or business entities which conducted and conducts business at 5004 City Avenue, Philadelphia, Pennsylvania 19131, and which possessed, controlled and/or managed the property, parking lot, and/or businesses located at or about 5004 City Avenue, Philadelphia, Pennsylvania 19131, at all relevant times herein, including on April 7, 2016.

Case ID: 180400862

17. On or about April 7, 2016, the premises known as the parking lot located at or about 5004 City Avenue, Philadelphia, Pennsylvania 19131, was owned, operated, managed and controlled by Defendant(s).

18. On or about, April 7, 2016, maintenance and/or repair of the premises located at the premises known as the parking lot located at or about 5004 City Avenue, Philadelphia, Pennsylvania 19131, was the sole and exclusive responsibility of the Defendant(s).

19. At all relevant times, all Defendants, were acting through their duly authorized agents, ostensible agents, servants, workmen and/or employees who were acting in the course and scope of their employment, and/or agency on behalf of said Defendants.

20. The incident of April 7, 2016, as described herein, was caused by the negligence and recklessness of defendants, as described more particularly below, and was due in no manner whatsoever to any act or failure to act on part of the plaintiff.

21. On April 7, 2016, Plaintiff who was attempting to patronize the Bala Inn, visited and entered the property and parking lot owned, managed and/or possessed and controlled by the Defendants upon the invitation of these Defendants.

22. Upon information and belief, at all times material hereto, Defendants had or should have had knowledge of prior incidents of violence and criminal acts on the property and parking lot in the immediate vicinity of the bar/nightclub known as "Bala Inn" and/or the "Bala Inn Sports Bar & Grill."

23. Such prior violence and criminal acts include an incident wherein a person was shot in the same parking lot of the subject bar/nightclub.

24. Upon information and belief there have been incidents of murder, assaults, drunkenness, drug dealing, vandalism, prostitution, gambling and other nefarious activities at/or near the subject location.

25. At approximately 10:50 p.m. on April 7, 2016, while in Defendants' rear parking lot, Plaintiff and another person were shot by an unknown person.

26. Plaintiff asserts no claim for assault and/or battery.

27. Plaintiff asserts that defendants were negligent and reckless in the performance of their duties as a landowner, business proprietor, and as bouncers, managers and security personnel.

28. The incident and the injuries sustained by Plaintiff's as the result of the incident were the direct and proximate result of the negligence, recklessness and carelessness of the Defendants and/or Defendants' employees, servants, agents and workmen.

29. Plaintiff does not allege or assert that plaintiff's injuries were due to intentional conduct, but rather due to the Defendants' negligent and/or reckless acts, omissions and other violations as described herein.

30. Plaintiff's injuries were negligently caused by the Defendants' actions and/or inactions as set forth herein.

31. Alternatively, Plaintiff's injuries were recklessly caused by defendants.

32. Plaintiff's injuries would not have occurred but for the negligence, recklessness and other violations of the Defendants as described herein.

## COUNT I – NEGLIGENT SECURITY
### Plaintiff vs. All Defendants

33. Plaintiff hereby incorporates by reference all the allegations contained throughout this complaint as though same were fully set forth herein at length.

34. Defendants knew, or in the exercise of ordinary care, should have known, that persons might cause injury to Plaintiff, yet Defendants failed to use reasonable care and were negligent in failing in the performance of their duties and in failing to protect Plaintiffs from reasonably foreseeable injuries, in violation of the various legal duties, described herein, imposed upon Defendants as the property owners, managers, possessors, who controlled, for business purposes, the subject property where plaintiff was injured.

35. Further, Defendants' activities described herein created a public nuisance which directly resulted in Plaintiffs' harm.

36. At all times material hereto, the negligence, carelessness, and recklessness of the Defendants was the proximate cause of the incident and plaintiff's injuries described herein, and was a substantial contributing factor to the happening of the incident and consisted of the following:

    (a)    Creating a dangerous condition upon its land and the immediately surrounding area;

    (b)    Failing to have in place reasonable security measures;

    (c)    Failing to use reasonable care to provide reasonable security to Plaintiff, who was a business invitee, and/or who was foreseeably endangered;

    (d)    Failing to take reasonable, affirmative and precautionary steps and measures to prevent injury to the Plaintiff under the circumstances;

    (e)    Failing to hire adequate personnel and/or failing to adequately train personnel in order to provide a reasonable security presence and/or crowd control at the subject business and the immediate vicinity;

    (f)    Failing to adequately staff the premises with knowledge of the propensity for fights and/or criminal attacks to occur on the premises and in the

parking lot or in the immediate vicinity, especially at or around the late night and early morning hours;

(g)     Failing to intervene in the incident causing injury to the Plaintiff after having notice of its occurrence;

(h)     Failing to take reasonable precautions to protect against the harmful acts of persons on their property or the immediate vicinity which were, or should have been, reasonably anticipated and foreseen;

(i)     Failing to discharge an assumed and/or contractual duty to provide for security and safety to its business invitees and others at the premises, including the parking lot and in the immediate surrounding vicinity;

(j)     Creating and/or promoting a dangerous condition on the property and the immediate vicinity of the property by permitting dangerous persons to remain on the property;

(k)     Endangering plaintiff and the general public by failing to provide reasonable protection to plaintiffs and the public against foreseeable criminal activity;

(l)     Using and possessing the sidewalk and surrounding areas immediately adjacent Defendants' property for a commercial and business purpose in an unreasonable and dangerous manner without providing adequate security management so as to provide reasonable protection to plaintiffs and the public against foreseeable criminal activity;

(m)    Failing to inquire of the criminal history and suitability on or immediately surrounding the property prior to or after undertaking and operating a business at the location;

(n)     Permitting patrons and employees to create a public and/or private nuisance, as described more particularly herein;

(o)     Negligently and/or recklessly permitting illegal loitering by dangerous persons in crowds at/near the subject location;

(p)   Disturbing the peace and quiet of the surrounding neighborhood which endangered the health and safety of Plaintiff;

(q)   Unreasonably interfering with Plaintiffs' right to safety;

(r)   Failing to properly manage the area at/near the subject location which was open to members of the public, and which was occupied by plaintiff and other business invitees, in order to fully apprise itself of the dangers posed to individuals, including the plaintiff;

(s)   Failing to remove and/or notify police to remove dangerous persons, from the subject location when defendants knew or should have known of their existence and violent behaviors;

(t)   Negligently leasing the property to the other defendants;

(u)   Negligently failing to arrange for reasonable security and/or police protection (either on duty or off duty officers) for patrons, including plaintiff;

(v)   Negligence in the "bouncing" and/or policing of its premises in violation of the standard of care required of and/or assumed by these defendants' in the hospitality and restaurant industry;

(w)   Failing to timely notify the proper authorities of the incident causing injuries to plaintiff;

(x)   Violating defendants' own security policies and procedures;

37. For the reasons and facts outlined herein and throughout this complaint, alternatively, upon information and belief, Defendants assumed the duty to provide reasonable security measures to protect Plaintiff by their actions and/or by contractual terms implied and/or expressed and breached such assumed duty(ies).

38. For the reasons and facts outlined herein and throughout this complaint, these Defendants negligently and recklessly breached said assumed or contractual duties which caused damages to Plaintiffs, as outlined herein.

39. These conditions, as described in this Complaint and incorporated by reference herein, of which these defendants had actual and/or apparent knowledge, created a high degree of risk of physical harm to Plaintiff and others and these defendants deliberately proceeded to act in conscious and/or reckless disregard of and indifference to such risk by completely failing to have any security or protection for patrons at all in the subject parking lot, knowing there was no security or protection therein, and knowing of the dangerous condition of the parking lot and for all the reasons described in this Complaint and incorporated by reference herein, punitive damages are sought of the defendants..

40. Defendants acted in a willful, wanton fashion with reckless disregard for the well-being and safety of the community and Plaintiff. This and other misconduct described in this Complaint and incorporated by reference herein constituted outrageous, willful and/or wanton misconduct, and manifested a reckless indifference to the rights of others for which punitive damages are sought of the defendants.

41. Defendants acted with conscious and/or reckless disregard to the rights of Plaintiff by:

    (a)    Failing to take steps to provide security at all in its parking lot on the night of the incident, despite knowledge and foreseeability of prior crime and despite having provided security in the parking lot in the past;

    (b)    Having actual knowledge of physical harm to plaintiff and failing to act, despite putting plaintiff into the dangerous condition;

(c)     Ignoring the occurrence of prior incidents of crime on or near the subject property by not having adequate security on the property;

(d)     By failing to act and consciously disregarding the risk of crime on its property;

(e)     By failing to take any precautions to provide any protection to plaintiff, where these defendants knew or should have known of prior incidents of crime on or near its property;

42. As a direct result of these Defendants' negligence and breaches, Plaintiff's was caused to sustain painful, severe, and permanent injuries which includes the following: (a) gunshot wound(s) to the torso; (b) fear of impending death and emotional distress; and (c) paralysis.

43. As a direct and proximate result of the Defendants' negligence, as outlined above, Plaintiff has incurred medical and other expenses.

44. As a result of the aforementioned incident and resulting injuries, Plaintiff has been caused to expend various sums of money for medicine and medical attention for treatment and/or cure of these injuries and to have essential services performed during the duration of the physical impairment, all to great financial detriment and loss and expects to pay additional sums of money for medicine and medical attention in the future all to Plaintiff's great financial detriment and loss.

45. As a further result of the aforementioned incident and resulting injuries, Plaintiff may have been prevented from attending to usual and customary duties, vocation and occupations, thereby sustaining a loss of earnings and/or earning capacity, all to great financial detriment and loss.

WHEREFORE, Plaintiff, Vincent Smithwick, demands judgment against All Defendants, in an amount in excess of Fifty Thousand ($50,000) Dollars, together with punitive, compensatory, incidental and consequential damages, and such further relief as this Court deems appropriate.

## COUNT II - NEGLIGENCE
### Plaintiff v. All Defendants

46. Plaintiff hereby incorporates by reference all the allegations contained throughout this complaint as though same were fully set forth herein at length.

47. At all times relevant, Defendants owned, operated, managed and controlled the premises known as the parking lot located at or about 5004 City Avenue, Philadelphia, Pennsylvania.

48. At all times relevant, Defendants were responsible for maintenance and/or design, and/or repair of the premises known as the parking lot located at or about 5004 City Avenue, Philadelphia, Pennsylvania.

49. The aforementioned incident was caused wholly or in part by the negligence of the Defendants in failing to properly maintain their premises, which negligence consisted of the following:

    (a)    failing to properly inspect, discover and remedy the defective conditions which existed on, of and about the walking surface, which the Defendants knew or reasonably should have known existed prior to the time of the incident;

    (b)    failing to warn members of the general public of the dangerous conditions which existed;

    (c)    allowing dangerous and hazardous conditions to exist on, of and/or about the subject premises;

Case ID: 180400862

(d)     failing to properly discharge their duty in removing the dangerous and

defective conditions from the area of the incident;

(e)     failing to provide adequate lighting in the area of the incident;

(f)     failing to properly design the area of the incident so as to prevent the

illegal loitering of individuals in the parking lot;

(g)     in designing and/or maintaining premises with permit the covert

commission of criminal acts in the parking lot;

50. As a result of the above-stated acts and omissions, Plaintiffs has suffered such harm as

has been previously stated herein.

WHEREFORE, Plaintiff, Vincent Smithwick, demands judgment against All Defendants,

in an amount in excess of Fifty Thousand ($50,000) Dollars, together with punitive, compensatory,

incidental and consequential damages, and such further relief as this Court deems appropriate.


## COUNT III - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### Plaintiff vs. All Defendants

51. Plaintiff hereby incorporates by reference all the allegations contained throughout this

complaint as though same were fully set forth herein at length.

52. Due to Defendants' violations contained herein, Plaintiff was physically impacted by

gunshots and sustained accompanying emotional distress.

53. Defendants negligently and/or recklessly committed multiple acts of extreme, outrageous

and/or reckless conduct, described above, which caused permanent and severe emotional

distress to Plaintiff and bodily harm, as described more fully above and incorporated by

reference herein, for which damages are sought of these defendants.

WHEREFORE, Plaintiff, Vincent Smithwick, demands judgment against All Defendants, in an amount in excess of Fifty Thousand ($50,000) Dollars, together with punitive, compensatory, incidental and consequential damages, and such further relief as this Court deems appropriate.

**LEONARD K. HILL, ESQUIRE**
**Attorney for Plaintiff**

## <u>VERIFICATION</u>

The undersigned states that he/she is the plaintiff herein and verifies that the statements made in the foregoing are true and correct to the best of his/her knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

DATED: _____     X _Vincent Smithwick_
                            Signature

                            _____
                            Print Name

# EXHIBIT "C"



**FINEMAN**
**Krekstein**
**& Harris**

*Dedicated to the Practice of Relationships*

**PHILADELPHIA OFFICE**
Ten Penn Center
1801 Market Street, Suite 1100
Philadelphia, PA 19103
(215) 893-9300
Fax: (215) 893-8719

**NEW JERSEY OFFICE**
20 Brace Road, Suite 350
Cherry Hill, NJ 08034
(856) 795-1118
Fax: (856) 795-1110

**DIANE BERNOFF SHER**
Direct Dial: (215) 893-8751
E-Mail: dsher@finemanlawfirm.com

**Please Reply to Philadelphia Office**

August 28, 2018

*Via Certified Mail, Return Receipt Requested (7017 1000 0000 5012 8439)*
*Via First Class Mail, and Via email*

Robert Mazer
8229 Stenton Avenue
Philadelphia, PA 19150.

Re:     Insured:       Robert Mazer
        Policy No.:     GK04636
        Policy Period: 01/15/2016 – 01/15/2017
        Insurance Co.: Great Lakes Insurance SE (formerly known as Great Lakes
        Reinsurance (UK) PLC)
        Our File No.:   2755/20910
        ARM File No.:  64735
        E&S File No.:   115784

Dear Mr. Mazer:

Please be advised that our firm has been retained by Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) PLC) ("Great Lakes") to assist it in evaluating the insurance coverage issues raised by the Complaint filed by, Vincent Smithwick ("Plaintiff") in the matter of <u>Vincent Smithwick vs. Robert Mazer, et al</u> in the Court of Common Pleas, Philadelphia County, Pennsylvania, Docket No. 1804-00862 (the "Underlying Action").

The Underlying Action was commenced by a Writ of Summons on 4/16/2018. According to the Affidavit of Service that was filed by Plaintiff's counsel, you were served with the Writ on 4/12/2018. The Underlying Complaint was filed with the court on 5/8/2018.

{01485110;v1}

The Underlying Complaint contains three counts: Negligent Security; Negligence; and Negligent Infliction of Emotional Distress. All of the claims in the Underlying Complaint arise out of the allegation that an unknown person shot Plaintiff with a gun, which constitutes and assault and/or battery. The Underlying Complaint seeks compensatory as well as punitive damages.

The allegations in the Underlying Complaint raise coverage issues under the Commercial General Liability Policy, number GK04636 which is effective for the period of 01/15/2016 – 01/15/2017 (the "Policy").

Great Lakes would like you to know they appreciate and value you as an insured. However, Great Lakes is only obligated to provide coverage in those matters for which insurance coverage exists. Please be advised that after carefully reviewing the allegations in the Underlying Complaint as well as the provisions of the referenced Policy, Great Lakes denies coverage for this claim. This letter explains why Great Lakes denies coverage and also denies any duty to defend and/or indemnify you in connection with the claim set forth in the Complaint.

## I.   THE COMPLAINT

Great Lakes makes no assessment of the veracity of the allegations contained in the Underlying Complaint. They are merely being recited to identify the insurance coverage issues triggered by them.

The Underlying Complaint identifies 15 defendants, including you, who are alleged to have conducted "business at 5004 City Avenue, Philadelphia, PA 19131, and which possessed, controlled and/or managed the property, parking lot, and /or businesses located at or about 5004 City Avenue, Philadelphia, PA 19131, at all times herein, including on April 7, 2016." (Underlying Complaint, ¶ 16)

The Underlying Complaint alleges that Plaintiff, "who was attempting to patronize the Bala Inn, visited and entered the property and parking lot owned, managed and/or controlled by the Defendants upon the invitation of these Defendants." (Underlying Complaint, ¶ 21).

The Underlying Complaint alleges that Plaintiff was shot by an unknown person while he was in the "Defendants' rear parking lot." (Underlying Complaint, ¶ 25). Further, there were incidents of "murder, assaults, drunkenness, drug dealing, vandalism, prostitution, gambling and other nefarious activities at/or near the subject location." (Underlying Complaint, ¶ 24).

Despite seeking damages arising out of the gunshot wound, the Underlying Complaint alleges: "Plaintiff asserts no claim for assault and/or battery." (Underlying Complaint, ¶ 26).

The Underlying Complaint contains three Counts, all of which are described as "negligence claims":

Count I, labeled "Negligent Security," alleges that all defendants were negligent in failing to protect Plaintiff from reasonably foreseeable injuries, including creating a dangerous condition upon its land; failing to have reasonable security measures in place; failure to hire adequate personnel and/or failure to train personnel to provide a reasonable security presence; negligently leasing the property to other defendants; violating defendants' own security policies and procedures. (Underlying Complaint, ¶ 36).  Paragraph 37 of the Underlying Complaint alleges, "For the reasons and facts outlined herein and throughout this complaint, alternatively, upon information and belief, Defendants assumed the duty to provide reasonable security measures to protect Plaintiff by their actions and/or by contractual terms implied and/or expressed and breached such duties."

Count II, labeled "Negligence," alleges that the shooting incident was caused "wholly or in part" by the negligence of the defendant in failing to properly maintain their premises, such as failing to remedy defective conditions on the walking surface, failing to warn of dangerous conditions, failing to provide adequate lighting; failure to properly design the area to prevent individuals from loitering in the parking lot. (Underlying Complaint, ¶ 49).

Count III, labeled "Negligent Infliction of Emotional Distress," alleges that Plaintiff was "physically impacted by gunshots and sustained accompanying emotional distress," and that defendants negligently and/or recklessly committed the multiple acts described in the previous counts.

Although Plaintiff alleges various acts of negligence and breach of a duty, contractual or otherwise, to provide security, all of the injuries and damages sought arise out of the alleged shooting, which is an assault and/or battery.

## II.  THE INSURANCE POLICY

The Policy has the following limits of insurance:

| | |
|---|---|
| General Aggregate Limit (other than Products-Completed Operations) | $2,000,000 |
| Products-Completed Operations Aggregate Limit | Included |
| Personal Advertising Injury Limit | $1,000,000 |
| Each Occurrence Limit | $1,000,000 |
| Damage to Premises Rented to You Limit | $100,000 |
| Medical Expense Limit | $5,000 |

The **COMMERCIAL LINES POLICY COMMON POLICY DECLARATIONS**, provides, in pertinent part:

Named Insured and Address:

Robert Mazer
See GLK 4001 IL 08 09
8229 Stenton Avenue
Philadelphia, PA 19150.

{01485110;v1}

An Endorsement adds multiple additional individuals and entities as Named Insureds, but docs not include City Avenue Pawnshop, the other entity alleged to be located at 5006 City Avenue, Philadelphia, and which was served along with Robert Mazer.

The Policy identifies some 94 locations covered by the Policy, which are owned, rented or occupied by the Insured. Premises No. 16 is 5006 City Avenue, and the Insured Classification is "Buildings or Premises – bank or office – mercantile or manufacturing – lessor's risk only.

...

## SECTION I - COVERAGES

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

    **1.**    **Insuring Agreement**

        a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend against any "suit" seeking those damages. However, we well have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

            ...

            No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments-Coverages A and B.

        b.    This insurance applies to "bodily injury" and "property damage" only if"

            (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

....

## LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT

...

This insurance applies only to "bodily injury"....arising out of:

        1.    The ownership, maintenance or use of premises shown in the Schedule and operations necessary or incidental to those premises;

...

2.     **Exclusions**

This insurance does not apply to:

. . .

a.     **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b.     **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)   That the insured would have in the absence of the contract or agreement; or

(2)   Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than the insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

...

# ASSAULT OR BATTERY EXCLUSION

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
This endorsement modifies insurance provided under the following:
**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**LIQUOR LIABILITY COVERAGE PART**

**A.** The following exclusion is added to Paragraph **2. Exclusions** of SECTION I – COVERAGE **BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** to Paragraph **2. Exclusions** of **SECTION I – COVERAGE B – PERSONAL AND ADVERTISING INJURY,** and Paragraph **2. Exclusions** of SECTION 1 – **LIQUOR LIABILITY COVERAGE:**

### 2. Exclusions

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of an "assault", "battery", or "physical altercation":

a.   Whether or not caused by, at the instigation of, or with the direct or indirect involvement of an insured, an insured's employees, patrons, or other persons in, on, near, or away from an insured's premises; or

b.   Whether or not caused by or arising out of an insured's failure to properly supervise or keep an insured's premises in a safe condition; or

c.   Whether or not caused by or arising out of any insured's act or omission in connection with the prevention, suppression, or failure to warn of the "assault", "battery", or "physical altercation", or providing or not providing or summoning or not summoning medical or other assistance in connection with the "assault", "battery", or "physical altercation", including but not limited to, negligent hiring, training, or supervision; or

d.   Whether or not caused by or arising out of negligent, reckless, or wanton conduct by an insured, an insured's employees, patrons, or other persons.

…

The following is added to **SECTION V – DEFINITIONS:**

"Assault" means any attempt of threat to inflict injury on another including any conduct that would reasonably place another in apprehension of such injury.

"Battery" means the intentional or reckless physical contact with or any use of force against a person without his or her consent that entails some injury or offensive touching whether or not the actual injury inflicted is intended or expected.

"Physical altercation" means a dispute between individual in which one or more persons sustain bodily injury arising out of the dispute.

…

…

\* \* \*

## PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This policy does not apply to a claim of or indemnification for punitive or exemplary damages.

Punitive or exemplary damages also include any damages awarded pursuant to statute in the form of double, treble or other multiple damages in excess of compensatory damages.

{01485110;v1}

### III.    DENIAL OF COVERAGE

All of the bodily injury damages claimed in the Underlying Complaint arise out of the shooting that is alleged to have taken place in the parking lot of 5004 City Avenue, Philadelphia. Therefore, the insurance policy does not apply and Great Lakes has no duty to defend or indemnify you in this matter.

By stating the above reasons for denial, Great Lakes does not intend to waive any of its rights or defenses which it now has or may discover in the future. All rights, defenses, and privileges afforded Great Lakes under the policy are hereby expressly reserved. Great Lakes has the right to file an action for a declaratory judgment to have a court determine its rights under the parties' insurance agreement and its obligations to you.

As you have advised previously, in order to protect your interests while Great Lakes evaluated the coverage issues presented by the Complaint, Great Lakes has obtained an extension of time from plaintiff's counsel until September 7, 2018 for counsel to enter an appearance on your behalf. You had been previously notified to retain your own counsel to enter an appearance on your behalf in advance of the September 7, 2018 deadline. If you fail to retain your own counsel to enter an appearance and to defend you in the Underlying Action, a default judgment may be entered against you, and you may lose the right to defend yourself in the Underlying Action and other rights that are important to you.

Despite Great Lakes' coverage position, as outlined above, Great Lakes remains willing and ready to discuss any of the coverage matters set forth above, as the present position of Great Lakes is based solely upon the facts presently known to it. Great Lakes recognizes that despite its determination, you may have additional facts or documentation, which you believe bear on this matter. Accordingly, if you believe you possess additional facts, please feel free to provide the additional information or documentation and it will be duly considered.

Very truly yours,

*/s/ Diane Bernoff Sher*

DIANE BERNOFF SHER

cc:    Lynda Dean  via email at Lynda.Dean@armusa.net
Connie Rockett

{01485110;v1}