# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREAT LAKES INSURANCE SE,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **VINCENT SMITHWICK,** *et al*. | : | No. 18-4797 |
| Defendants. | : | |

## MEMORANDUM

**Schiller, J.** October 2, 2019

Vincent Smithwick was shot in a parking lot of a bar. He sued the following defendants in the Philadelphia County Court of Common Pleas: Bala Inn; Bala Inn, Inc.; Bala Inn Sports Bar & Grill; Bala Tavern Company, Inc.; Cynthia Borish; Scott Borish; City Avenue Pawnshop Outlet; Robert Mazer; Little Kitchen City Restaurant; Daisy Larcena Walker; Jiffy Lube; Jiffy Lube #183; Jiffy Lube International Inc.; Jiffy Lube International of PA, Inc.; and City Avenue Investors, L.P. Smithwick alleged that the defendants' negligence and recklessness—specifically their failure to take reasonable security measures—caused Smithwick's injuries.

Great Lakes Insurance SE ("Great Lakes") issued to Mazer a commercial general liability policy that was in effect on the date that Smithwick was shot. Great Lakes filed a lawsuit in this Court seeking a declaration that it owes Mazer no duty to defend or indemnify him in Smithwick's state court lawsuit, and a declaration that it has no duty to satisfy any cross-claim for contribution and/or indemnification asserted by Mazer's co-defendants in that lawsuit.

Presently before the Court is Great Lake's motion for judgment on the pleadings. Smithwick has not responded to the motion.[1] For the reasons that follow, the Court grants the motion.[2]

## I. FACTUAL BACKGROUND

### A. Smithwick's Allegations

On April 7, 2016, Smithwick wanted to go to the Bala Inn. (Smithwick Compl. ¶ 21.) To achieve that objective, he "visited and entered the property and parking lot owned, managed and/or possessed and controlled by the Defendants upon the invitation of these Defendants." (*Id.*) At around 10:50 p.m., while in Defendants' rear parking lot, Smithwick and another person were shot by an unknown individual. (*Id.* ¶ 25.)

Smithwick claims that this parking lot had previously been the location of "prior violence and criminal acts," including a shooting, and that "Defendants had or should have had knowledge of prior incidents of violence and criminal acts on the property and parking lot in the immediate vicinity of the bar/nightclub known as 'Bala Inn' and/or the 'Bala Inn Sports Bar and Grill.'" (*Id.* ¶¶ 22-23.)

Smithwick's complaint includes three counts: one for negligent security; one for negligence; and one for negligent infliction of emotional distress. Smithwick claims that Defendants recklessly disregarded his safety and the safety of others because Defendants knew of prior crimes in that parking lot. (*Id.* ¶ 41.) The negligent security claim lists a number of Defendants' purported failures, including creating a dangerous condition on their land, failing to

---

[1] Because Smithwick has failed to respond, the Court also grants the motion as uncontested. *See* EDPA L.R. Civ. P. 7.1(c).
[2] The Court has already issued a default judgment against the defendants in Smithwick's state court litigation. The only remaining Defendant here is Smithwick.

2

have in place reasonable security measures, failing to prevent injuries, failing to intervene, failing to adequately staff the premises, creating a public and/or private nuisance, and negligently leasing property to Defendants. (*Id*. ¶ 36.)

Smithwick explicitly "asserts no claim for assault and/or battery." (*Id*. ¶ 26.) "Plaintiff does not allege or assert that plaintiff's injuries were due to intentional conduct, but rather due to the Defendants' negligent and/or reckless acts, omissions and other violations." (*Id*. ¶ 29.) According to Smithwick, his injuries were "negligently caused by the Defendants' actions and/or inactions." (*Id*. ¶ 30.) Smithwick also claims that Defendants recklessly caused his injuries. (*Id*. ¶ 31.)

### B. The Policy

Great Lakes issued to Mazar a Commercial General Liability Policy ("Policy"), which was in effect on the date that Smithwick was injured. (Decl. J. Compl. ¶ 14.) Pursuant to the Policy, Great Lakes agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which the insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages." (Decl. J. Compl. Ex. 1 [Policy].) Great Lakes covers "bodily damage" caused by an "occurrence," which the Policy defines as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Policy.)

The Policy does not, however, cover damages for personal injuries arising out of an "assault," "battery," or "physical altercation." The "Assault or Battery Exclusion," states:

> This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of an "assault", "battery", or "physical altercation":
> a.  Whether or not caused by, at the instigation of, or with the direct or indirect involvement of an insured, an insured's employees, patrons, or other persons in, on, near, or away from an insured's premises; or

3

> b. Whether or not caused by or arising out of an insured's failure to properly supervise or keep an insured's premises in a safe condition; or
> c. Whether or not caused by or arising out of any insured's act or omission in connection with the prevention, suppression, or failure to warn of the "assault", "battery", or "physical altercation", or providing or not providing or summoning or not summoning medical or other assistance in connection with the "assault", "battery", or "physical altercation", including but not limited to, negligent hiring, training, or supervision; or
> d. Whether or not caused by or arising out of negligent, reckless, or wanton conduct by an insured, an insured's employees, patrons, or other persons.

(Policy.) An "[a]ssault" means "any attempt or threat to inflict injury on another including any conduct that would reasonably place another in apprehension of such injury." (*Id.*) "Battery" is defined as the "intentional or reckless physical contact with or any use of force against a person without his or her consent that entails some injury or offensive touching whether or not the actual injury inflicted is intended or expected." (*Id.*) "Physical altercation" is "a dispute between individuals in which one or more persons sustain bodily injury arising out of the dispute." (*Id.*)

This Court must decide whether Smithwick's factual allegations suggest that his injuries were or were not the result of an assault, battery, or physical altercation as outlined in the Policy. If so, Great Lakes owes no duty to defend Mazar against Smithwick's allegations.

## II. STANDARD OF REVIEW

Judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is appropriate when the movant shows "that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 219, 221 (3d Cir. 2008) (citation omitted). Undertaking this analysis, courts view the facts in the pleadings and inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). When deciding a motion for judgment on the pleadings, "a court generally should consider only the allegations in the complaint, as well as 'documents that

are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Fisher v. Rite Aid Corp.*, 764 F. Supp. 2d 700, 702 (M.D. Pa. 2011) (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)), *aff'd in part*, *rev'd in part on other grounds sub nom. Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012).

## III. DISCUSSION

### A. Pennsylvania Contract Interpretation

Under Pennsylvania law, insurance contract interpretation, including questions of coverage, is a question of law for the court. *401 Fourth St., Inc. v. Investors Ins. Grp.*, 879 A.2d 166, 171 (Pa. 2005). The policy must be read and its meaning construed according to its plain language. *Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999); *see also Giancristoforo v. Mission Gas & Oil Prods., Inc.*, 776 F. Supp. 1037, 1041 (E.D. Pa. 1991) ("The policy must be construed as a whole, not in discrete units.").

A court must enforce the clear and unambiguous language in an insurance policy. *Med. Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir. 1999) (citing *Standard Venetian Blind Co. v. Am. Empire Ins. Co.*, 469 A.2d 563, 566 (Pa. 1983)). Moreover, a court should read a policy to avoid ambiguities and give effect to all its provisions. *Id.*; *see also Little v. MGIC Indem. Corp.*, 836 F.2d 789, 793 (3d Cir. 1987). If, however, the language of the policy is open to multiple interpretations, it is ambiguous and must be construed against the insurer as the drafter of the contract. *Watkins*, 198 F.3d at 103; *see also Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999).

### B. The Duty to Defend

At issue here is the insurer's duty to defend, which is broader than the insurer's duty to indemnify. *Frog*, 193 F.3d at 746. The duty to defend arises if "the allegations in the complaint . . . could potentially fall within the coverage of the policy." *Victoria Ins. Co. v. Mincin Insulation Servs., Inc.*, Civ. A. No. 08-909, 2009 WL 2998144, at *2 (W.D. Pa. Sept. 15, 2009); *see also Sphere Drake P.L.C. v. 101 Variety, Inc.*, 35 F. Supp. 2d 421, 427 (E.D. Pa. 1999). The duty to defend is assessed by comparing the complaint to the policy. *See Gene's Rest., Inc. v. Nationwide Ins. Co.*, 548 A.2d 246, 246-47 (Pa. 1988); *United Servs. Auto Ass'n v. Elitzky*, 517 A.2d 982, 985 (Pa. Super. Ct. 1986). The factual allegations in the underlying complaint must be taken as true and liberally construed in favor of the insured. *Frog*, 193 F.3d at 746 (citing *Biborosch v. Transamerica Ins. Co.*, 603 A.2d 1050, 1052 (Pa. Super. Ct. 1992)). This rule applies even when the lawsuit is "groundless, false, or fraudulent." *Britamco Underwriters, Inc. v. Weiner,* 636 A.2d 649, 651 (Pa. Super. Ct. 1994); *see also D'Auria v. Zurich Ins. Co.*, 507 A.2d 857, 859 (Pa. Super. Ct. 1986) ("It is the face of the complaint and not the truth of the facts alleged therein which determines whether there is a duty to defend."). When determining whether a third-party complaint triggers coverage, the court focuses on the complaint's factual allegations, not the terminology used to name the causes of action. *Markel Int'l Ins. Co. v. 2421 Salam, Inc.*, Civ. A. Nos. 08-1052 & 08-2484, 2009 WL 1220557, at *2 (E.D. Pa. Mar. 31, 2009) (citing *Mut. Benefit Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999)). If a policy exclusion applies, there is no duty to defend or indemnify. *Markel Int'l*, 2009 WL 1220557, at *3. Great Lakes bears the burden of showing that a policy exclusion applies. *See Allstate Ins. Co. v. Brown*, 834 F. Supp. 854, 857 (E.D. Pa. 1993).

The Court concludes that the Policy's exclusion applies and thus Great Lakes owes no duty to defend against the claims made in Smithwick's state court litigation. The Court finds the

reasoning in *Markel International Insurance Company v. 2421 Salam, Inc.* instructive. On July 22, 2007, there was a shooting at a bar located on the premises of 2421 Salam. *Markel Int'l*, 2009 WL 1220557, at *1. Vonzell Roundtree shot and killed two people when he tried to stop the assault of his friend at the bar. *Id*. The bar was a named insured on a commercial liability policy with Markel. *Id*. The estates of the two victims filed lawsuits in state court alleging that the bar owners should have known about prior incidents of violence at the bar and should have taken reasonable precautions to protect those at the bar. *Id*. at *3. The decedents' estates further claimed that the negligence and recklessness of the bar owners caused the decedents' death. *Id*.

Markel, which provided general commercial insurance to Salam 2421, sought a declaratory judgment that it had no duty to defend or indemnify the bar due to an assault and battery exclusion in the insurance policy. The exclusion read, in pertinent part, "the coverage under this policy does not apply to any claim . . . arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts. . .." *Id*. at *5.

The court concluded that the insurer owed no duty to defend because of the assault and battery exclusion. *Id*. at *5. Relying on the factual allegations in the state court complaints, the court determined that the shooting which caused the fatal injuries, even if accidental, was an assault, and that the decedents' deaths would not have occurred but for the shooting. *Id*. at *6. The court therefore concluded that "the plain language of this Policy exclusion applies to bar coverage of the underlying state court claims at issue here." *Id*. at *6. Additionally, the allegations that the bar owners negligently or recklessly failed to prevent the shooting also fell within the exclusionary language of the policy. *Id*. at *7. The court also found that "allegations of negligent conduct asserting that 2421 Salam failed to take various steps necessary to prevent the shooting, fit squarely within that portion of the Assault and/or Battery Exclusion which excludes coverage not only for

7

any claim or suit 'arising out of an assault and/or battery,' but for any claim or suit arising 'out of any act or omission in connection with the *prevention* or *suppression* of an assault and/or battery.'" *Id*. at \*7.

This Court finds the reasoning in *Markel* sound and sees no reason to depart from it here given the nearly identical exclusionary language contained in both the policy in *Markel* and this Policy. The exclusionary language in the Policy is broad. The Policy excludes coverage for "bodily injury", "property damage", or "personal and advertising injury" arising out of an "assault", "battery", or "physical altercation." The exclusion applies "[w]hether or not caused by or arising out of negligent, reckless, or wanton conduct by an insured, an insured's employees, patrons, or other persons." It also applies "[w]hether or not caused by or arising out of an insured's failure to properly supervise or keep an insured's premises in a safe condition." Smithwick was shot; this clearly falls within the meaning of battery and physical altercation. Moreover, the allegations that Smithwick's injuries were caused by the failure to keep the parking lot in a safe condition and caused by the negligent and reckless conduct of others is also excluded from coverage. As in *Markel*, the fact that the exclusion covers acts and omissions in connection with the prevention of an assault or battery means that Great Lakes is not obligated to defend its insured from allegations that the insured's failure to take certain precautions resulted in Smithwick's injuries. *See, e.g.*, *Alea London Ltd. v. Woodlake Mgmt.*, 594 F. Supp. 2d 547, 552 (E.D Pa. 2009) (holding that the failure to prevent a shooting was excluded by assault and battery exclusion that applied to "all causes of action arising out of an assault and/or battery regardless of culpability or intent or out of a physical altercation . . ."); *Nautilus Ins. Co. v. Shawn Owens Inc.*, 316 F. Supp. 3d 873, (E.D. Pa. 2018) (holding that insurance company had no duty to defend lawsuit involving a bar customer who stabbed another customer because the policy excluded coverage for "all causes of action arising

8

out of any assault, battery, or physical altercation, including but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error, or omission relating to such an assault or battery, or physical altercation"); *Essex Ins. Co. v. Quick Stop Mart, Inc.*, Civ. A. No. 07-1909, 2009 WL 700879 (E.D. Pa. Mar. 16, 2009).

Smithwick's artful pleading fails to overcome the exclusionary language of the Policy. The factual allegations in the state court complaint clearly demonstrate that the but for cause of Smithwick's injuries was the shooting, not the lack of security at the parking lot or the failure to prevent the shooting.

## IV. CONCLUSION

Great Lakes has no duty to defend or indemnify its insured in the Smithwick litigation. It also owes no duty to satisfy any cross-claim for contribution and/or indemnification asserted by the insured's co-defendants in the Smithwick litigation. The language in the Policy unambiguously excludes the shooting that happened to Smithwick in the Bala Inn parking lot. Accordingly, the Court grants Great Lake's motion for judgment on the pleadings. An Order consistent with this Memorandum will be docketed separately.